2021 IL App (2d) 200473-U
No. 2-20-0473
Order filed June 24, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| LEFF, KLEIN, and KALFEN, LTD., | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 13-AR-1440 |
| | ) | |
| WICZER & ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | Honorable |
| (Elliott Wiczer, Citation-Respondent- | ) | Michael B. Betar |
| Appellee). | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's order vacating a judgment was nonfinal and nonappealable, and its denial of a motion under Rule 308 to certify questions for appeal was likewise nonappealable.  Appeal dismissed for lack of jurisdiction.

¶ 2   Plaintiff, Leff, Klein and Kalfen, Ltd., appeals from the judgments of the circuit court of Lake County (1) granting Elliott Wiczer's, citation respondent's (respondent), motion to reconsider and vacating a judgment in favor of plaintiff and against respondent, and (2) denying plaintiff's motion to certify questions under Supreme Court Rule 308 (eff. Oct. 1, 2019).

¶ 3         I. BACKGROUND

¶ 4 Plaintiff filed a complaint against defendant, Wiczer & Associates, LLC, alleging that defendant failed to pay plaintiff for its accounting services. On August 3, 2015, the trial court entered judgment in favor of plaintiff for $9566.

¶ 5 On August 24, 2015, plaintiff filed against respondent a citation to discover assets. On March 4, 2019, plaintiff filed, under section 2-1402(c)(3) of the Code of Civil Procedure (735 ILCS 5/2-1402(c)(3) (West 2016)), a motion for judgment and a turnover order against respondent. On July 12, 2019, the trial court granted plaintiff's motion and entered judgment against respondent for $15,337.

¶ 6 On August 16, 2019, respondent filed a motion to reconsider the July 12, 2019, judgment. On November 22, 2019, the trial court entered a judgment (1) finding that respondent's motion to reconsider was timely though filed four days beyond the deadline, and (2) granting the motion to reconsider and vacating the "August 23, 2019" judgment (the court misidentified the July 12, 2019, judgment). The court also continued the case to January 12, 2020, for status, and the case was continued for status twice thereafter.

¶ 7 On March 3, 2020, plaintiff filed, under Rule 308 (Ill. S. Ct. R. 308 (eff. Oct. 1, 2019)), a motion to have questions related to the November 22, 2019, order certified for appeal. On July 24, 2020, the trial court denied the Rule 308 motion to certify. The court also corrected *nunc pro tunc* the November 22, 2019, order to show that the date of the vacated judgment was July 12, 2019.

¶ 8 On August 21, 2020, plaintiff filed its notice of appeal. The notice identified the two orders appealed from as (1) the November 22, 2019, order granting the motion to reconsider and vacating

the July 12, 2019, judgment, and (2) the July 24, 2020, order denying the Rule 308 motion to certify.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, plaintiff contends that the trial court erred in (1) finding that respondent's motion to reconsider was timely filed and (2) granting the motion and vacating the July 12, 2019, judgment.

¶ 11    Respondent filed a motion to dismiss the appeal for lack of jurisdiction, and plaintiff filed a response. We ordered the motion taken with the case. We first address the jurisdictional issue because we have a duty to consider if we have jurisdiction and to dismiss an appeal where jurisdiction is lacking (see *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984)).

¶ 12    Our jurisdiction is confined to reviewing appeals from final orders or judgments, unless the particular judgment or order falls into an enumerated category of permitted interlocutory appeals. *In re Marriage of Agustsson*, 223 Ill. App. 3d 510, 514 (1992). A final judgment terminates the litigation on the merits and determines the ultimate rights of the parties. *Agustsson*, 223 Ill. App. 3d at 514. An order vacating a judgment is nonfinal and, consequently, unappealable if the case's merits are still pending. *Agustsson*, 223 Ill. App.3d at 514.

¶ 13    Here, the November 22, 2019, order vacated the July 12, 2019, judgment. However, it did not terminate the citation proceeding or determine the ultimate rights of the parties. Instead, it returned the citation proceeding to its status before the judgment of July 12, 2019. Indeed, after the November 22, 2019, order, the trial court three times continued the matter for status. Accordingly, the November 22, 2019, order was nonfinal. Because it was nonfinal, it was unappealable.

¶ 14    Nor did the correction of the date of the vacated judgment make the November 22, 2019, order final.  At any time, a court may modify its judgment *nunc pro tunc* to correct a clerical error or matter of form so that the record conforms to the judgment actually rendered by the court.  *In re Marriage of Takata*, 304 Ill. App. 3d 85, 92 (1999).  However, a *nunc pro tunc* order may not be used to alter the actual judgment or cure a jurisdictional defect.  *Takata*, 304 Ill. App. 3d at 92.  Here, the trial court merely corrected the date from August 23, 2019, to July 12, 2019, to reflect the date of the judgment that it had vacated.  That correction did not affect the substance of the November 22, 2019, order.  Thus, the November 22, 2019, order remained nonfinal and, therefore, unappealable.

¶ 15    Plaintiff also identified in its notice of appeal the July 24, 2020, order denying its motion under Rule 308 to certify questions for appeal.  A trial court's order denying a motion to certify under Rule 308 is not itself appealable.  *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 969 (2004); *Petruchius v. Don Roth Restaurants, Inc.*, 79 Ill. App. 3d 1071, 1076 (1979).

¶ 16    For the foregoing reasons, we grant the motion to dismiss the appeal.  Because we lack jurisdiction over this appeal, we do not decide the merits of the two issues raised by plaintiff.

¶ 17                                III. CONCLUSION

¶ 18    For the reasons stated, we dismiss the appeal from the circuit court of Lake County.

¶ 19    Appeal dismissed.