2022 IL App (2d) 220089-U
No. 2-22-0089
Order filed November 17, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| LEFF, KLEIN and KALFEN, LTD., | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 13-AR-1440 |
| | ) | |
| WICZER & ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | Honorable |
| (Bernard Wiczer, Citation-Respondent- | ) | Michael B. Betar |
| Appellee). | ) | Judge, Presiding. |

PRESIDING JUSTICE BRENNAN delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court abused its discretion in finding that respondent showed good cause for filing his motion to reconsider beyond the 30-day deadline for postjudgment motions. Thus, because the trial court lacked jurisdiction to consider the motion, we reverse its judgment granting the motion.

¶ 2    Plaintiff, Leff, Klein and Kalfen, Ltd., appeals from the judgment of the Lake County circuit court granting Bernard Wiczer[1], citation respondent's (respondent), motion to reconsider and vacate a judgment against respondent. In that the trial judge lacked jurisdiction because the motion to reconsider was untimely, we reverse.

¶ 3                        I. BACKGROUND

¶ 4    Plaintiff filed a complaint against defendant, Wiczer & Associates, LLC, alleging that defendant failed to pay plaintiff for its accounting services. On August 9, 2015, the trial court entered a $9566 judgment for plaintiff.

¶ 5    On November 15, 2017, plaintiff filed against respondent a citation to discover assets. On March 4, 2019, plaintiff filed, under section 2-1402(c)(3) of the Code of Civil Procedure (735 ILCS 5/2-1402(c)(3) (West 2016)), a motion for judgment and a turnover order against respondent.

¶ 6    On July 12, 2019, the trial court granted plaintiff's motion and entered a $15,337 judgment against respondent. In that order, the court also dismissed the citation to discover assets.

¶ 7    On August 16, 2019, respondent filed, via the trial court's electronic filing system, a motion to reconsider and vacate the July 12, 2019, judgment. Plaintiff filed a response to the motion to reconsider, contending, among other things, that the motion was untimely. Respondent filed a reply, asserting that the motion to reconsider was timely. Attached to the reply was respondent's counsel's affidavit.

---

[1]We note that in our previous Rule 23 order we identified Elliot Wiczer as citation respondent. See *Leff, Klein and Kalfen v. Wiczer & Associates, Inc.*, 2021 IL App (2d) 200473-U. We were mistaken, as Bernard Wiczer was named as respondent in plaintiff's November 15, 2017, citation to discover assets.

¶ 8     Respondent's counsel averred as follows. "Erring on the side of caution," he elected to "file[ ]" his motion to reconsider three days before the 30-day deadline of August 12, 2019. Thus, on August 9, 2019, via the electronic filing system, he "submitted [the motion to reconsider] for filing." On August 13, 2019, he received a "Notice of Rejection" of the motion. That same day, he refiled the motion. The motion "was finally accepted on August 20, 2019."

¶ 9     The affidavit included a group exhibit consisting of e-mails and other documentation generated by the electronic filing system. The first e-mail, dated August 9, 2019, at 3:56 p.m., stated that the motion to reconsider had been "submitted to the clerk's office for review" and notified respondent's counsel to allow 24-48 hours for processing. The next e-mail, dated August 13, 2019, at 10:39 a.m., stated that the "filing below has been reviewed and has been returned for further action." The reason stated for the return was that counsel had submitted multiple filings as one transaction; however, the electronic filing system allows only one document per filing.

¶ 10    The next document in the group exhibit was an "Envelope Details" page indicting that, on August 15, 2019, at 3:52 p.m., the motion to reconsider was rejected because no appearance had been filed on behalf of respondent. The next e-mail was dated August 15, 2019, at 4:45 p.m. It stated that a "NOF Appearance" had been submitted for review. The next e-mail, dated August 20, 2019, at 9:59 a.m., stated that the appearance had been rejected because it failed to include the correct filing fee. Finally, an e-mail dated August 20, 2019, at 10:29 a.m., showed that the motion to reconsider had been reviewed and accepted for filing on August 20, 2019, at 10:28 a.m. That e-mail further stated that the motion to reconsider was deemed submitted on August 16, 2019.

¶ 11    At the November 22, 2019, hearing on the motion to reconsider, after plaintiff argued that the motion had not been timely filed, the trial court asked respondent's counsel if he had, under Illinois Supreme Court Rule 9(d)(2) (eff. Dec. 12, 2018)), good cause for the late filing. Counsel

initially stated that the court need not decide whether there was good cause, because the motion was considered filed when it was submitted. However, counsel then argued alternatively that he had good cause in that he submitted the motion several days ahead of the deadline, and it was not rejected until after the deadline.

¶ 12    That same day, the trial court entered an order (1) finding that respondent's motion was timely even though filed four days beyond the 30-day deadline for posttrial motions (see 735 ILCS 5/12-1203(a) (West 2020)) and (2) granting the motion to reconsider and vacating the July 12, 2019, judgment (the November 22 order mistakenly identified the vacated order as having been entered on August 23, 2019). The court continued the case to January 13, 2020, for status, and after that continued the case twice more.

¶ 13    On March 3, 2020, plaintiff filed, under Illinois Supreme Court Rule 308 (Ill. S. Ct. R. 308 (eff. Oct. 1, 2019)), a motion to have questions related to the November 22, 2019, order certified for appeal. On July 24, 2020, the trial court denied the Rule 308 motion to certify. The court also corrected *nunc pro tunc* the November 22, 2019, order to show that the date of the vacated judgment was July 12, 2019.

¶ 14    On August 21, 2020, plaintiff filed its notice of appeal. The notice identified the two orders appealed from as (1) the November 22, 2019, order granting the motion to reconsider and vacating the July 12, 2019, judgment and (2) the July 24, 2020, order denying the Rule 308 motion to certify.

¶ 15    On appeal, plaintiff contended that the trial court erred in (1) finding that respondent timely filed his motion to reconsider and (2) granting the motion and vacating the July 12, 2019, judgment.

¶ 16    Respondent filed a motion to dismiss the appeal for lack of jurisdiction. We granted the motion and dismissed the appeal for lack of jurisdiction. See *Leff, Klein and Kalfen, Ltd. v. Wiczer & Associates, LLC*, 2021 IL App (2d) 200473-U. We did so because the November 22, 2019, order was not final, in that it neither terminated the proceedings nor determined the ultimate rights of the parties. See *Leff, Klein and Kalfen, Ltd.*, 2021 IL App (2d) 200473-U, ¶ 13. We explained that when the trial court vacated its July 12, 2019, judgment, it "returned the citation proceeding to its status before the judgment of July 12, 2019," as evidenced by the fact that, after entering the November 19, 2019, order, the court "three times continued the matter for status." *Leff, Klein and Kalfen, Ltd.*, 2021 IL App (2d) 200473-U, ¶ 13. In dismissing the appeal, we never reached the merits of the two issues raised by plaintiff.

¶ 17    Following the dismissal of the appeal, on December 3, 2021, plaintiff filed a motion to "resume" the third-party citation proceeding against respondent. Respondent, relying on Illinois Supreme Court Rule 277(a) (eff. Oct. 1, 2021), objected that plaintiff failed to obtain leave of court to commence another citation proceeding against respondent.

¶ 18    On February 18, 2022, the trial court denied plaintiff's motion to resume. In doing so, the court noted that, in its July 12, 2019, judgment, it had dismissed the citation proceeding against respondent. The court further found that, when it vacated the July 12, 2019, judgment via its November 22, 2019, order, it "did not mention" the citation proceeding against respondent. The court added that the November 22, 2019, order "did not include a provision that [r]espondent was to produce more documents or answer more questions in the [c]itation proceeding." The court further noted that the July 12, 2019, judgment was based on information gathered from respondent via the citation proceeding and that the vacatur of the judgment did "not *per se* mean that there was more information to gather from [r]espondent." The court also commented that it had

dismissed the citation proceeding "because it culminated in a judgment against [r]espondent." Thus, the court denied plaintiff's motion to resume the citation proceeding against respondent. Plaintiff, in turn, filed this timely appeal.

¶ 19                                    II. ANALYSIS

¶ 20    On appeal, plaintiff contends that the trial court erred in (1) finding that respondent timely filed his motion to reconsider and vacate the July 12, 2019, judgment, (2) vacating the July 12, 2019, judgment, and (3) denying plaintiff's motion to resume the citation proceeding.

¶ 21    Because it is dispositive of this appeal, we first address plaintiff's assertion that the trial court erred in finding the motion to reconsider timely, because it was not filed until after the 30-day deadline for such motions. Generally, we review *de novo* whether the trial court had subject-matter jurisdiction over proceedings. *Chicago Tribune v. College of Du Page*, 2017 IL App (2d) 160274, ¶ 29. However, we review for an abuse of discretion whether the trial court properly found that respondent had good cause under Rule 9(d)(2) for the late filing of his motion to reconsider. See *Davis v. Village of Maywood*, 2020 IL App (1st) 191011, ¶ 13.

¶ 22    Section 2-1203(a) of the Code of Civil Procedure establishes the deadline for filing a posttrial motion in a nonjury case. 735 ILCS 5/2-1203(a) (West 2020). Section 2-1203(a) provides that "any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/12-1203(a) (West 2020). Absent a timely-filed posttrial motion, the trial court loses jurisdiction over the case 30 days after the final judgment. *Peraino v. Winnebago County*, 2018 IL App (2d) 170368, ¶ 13.

¶ 23    Here, the July 12, 2019, judgment was final, as it disposed of the rights between plaintiff and respondent regarding the citation proceeding.  See *In re Marriage of Colangelo and Sebala*, 355 Ill. App. 3d 383, 387 (2005) (citing *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998)); *In re Marriage of Devick*, 335 Ill. App. 3d 734, 741 (2002).  Accordingly, respondent had 30 days from July 12, 2019, to file a motion to reconsider.  Because August 11, 2019, fell on a Sunday, the motion to reconsider had to be filed on or before August 12, 2019, or the trial court would lack jurisdiction to rule on the motion.

¶ 24    Plaintiff contends that the trial court lacked jurisdiction to entertain the motion to reconsider because the clerk did not accept respondent's motion until August 16, 2019—four days after the 30-day deadline and, hence, after the trial court lost jurisdiction over the case.  Respondent counters that (1) he timely filed the motion because he submitted it to the clerk, via the electronic filing system, before the 30-day deadline, and (2) even if the motion was untimely, he showed good cause to excuse the late filing.  We conclude that the trial court lacked jurisdiction to entertain respondent's motion to reconsider.

¶ 25    Initially, we reject plaintiff's argument that his motion to reconsider was timely because it was submitted to the clerk within 30 days of the judgment order.  The mere submission of a motion to the clerk for filing does not render it filed. It is well established that a submission must first be accepted by the clerk to be considered filed. See *Ayala v. Goad*, 176 Ill. App. 3d 1091, 1094 (1988) (a submission is considered filed once the clerk reviews and accepts it for filing); see also *Ganja v. Johnson*, 6 Ill. App. 3d 701, 703 (1972) (where the clerk accepts a document for filing, the court acquires jurisdiction over the subject matter). Although respondent here submitted the motion to reconsider before the 30-day deadline, the clerk did not accept the motion until after the deadline due several deficiencies, to wit: multiple filings in one transaction; the absence of a

notice of appearance; and an incorrect filing fee. It was respondent's responsibility to ensure that the submission complied with all filing requirements. Because he failed to do so, the motion to reconsider was not filed until after the 30-day deadline in section 2-1203(a).

¶ 26 In the alternative respondent asserts that, even if he did not file the motion to reconsider on time, he showed—as the trial court found—good cause to excuse the late filing. Again, we disagree.

¶ 27 Rule 9(d)(2), which applies to electronic filing in the circuit courts, states: "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." Ill. S. Ct. R. 9(d)(2) (eff. Dec. 12, 2018). However, the record here does not show any basis, beyond the clerk's mere failure to accept the submission, that would constitute good cause within the meaning of Rule 9(d)(2). See *Davis*, 2020 IL App (1st) 191011, ¶ 21 (holding that Rule 9(d)(2)'s broad language indicates that a court must consider the totality of the circumstances in assessing good cause). The record establishes that, when respondent's counsel initially submitted the motion to reconsider for filing, counsel failed to comply with the requirement that documents be individually submitted for filing. If a clerk is not obligated to accept a submission for filing without first collecting the filing fee (see *Castleton*, 2022 IL App (2d) 210487-U, ¶ 21), we believe it is also reasonable for the clerk to reject a document that does not meet the e-filing requirement that each document be submitted individually.

¶ 28 Relying on *Davis*, however, respondent asserts that he showed good cause under Rule 9(d)(2), because his only change to the original submission of the motion to reconsider was to resubmit the motion individually. However, *Davis* does not support respondent.

¶ 29 In *Davis*, the plaintiff's electronically-submitted complaint was untimely because the clerk rejected it since the required attorney code had been entered in one section of the e-filing envelope

but not in another section. *Davis*, 2020 IL App (1st) 191011, ¶ 5. The appellate court, in considering whether the plaintiff had good cause for the late filing, noted that the plaintiff's mistake occurred during the first two weeks of the transition from paper filing to electronic filing. *Davis*, 2020 IL App (1st) 191011, ¶ 21. Accordingly, the court gave counsel "the benefit of any doubt about the accuracy and completeness of his electronic submission during this timeframe." *Davis*, 2020 IL App (1st) 191011, ¶ 21. The court added that good cause was "primarily" shown in that, with the exception of a minor change to the e-filing envelope, the complaint subsequently accepted was identical to the one initially rejected. *Davis*, 2020 IL App (1st) 191011, ¶ 22. "That is, there was no defect in the complaint itself when the clerk chose to reject counsel's first submission due to a flaw in the e-filing envelope." *Davis*, 2020 IL App (1st) 191011, ¶ 22. Because the e-filing envelope was part of "the new and unfamiliar administrative procedure for filing a document with the circuit court," the court held that good cause existed for the late filing. *Davis*, 2020 IL App (1st) 191011, ¶ 22.

¶ 30 Here, unlike in *Davis*, the electronic filing system was not in its infancy when respondent's counsel had trouble filing the motion to reconsider. Rather, the system had been in place for about a year. See Ill. S. Ct. M.R. 18368, 1 (eff. Jan. 22, 2016) (mandating that all civil cases be e-filed by January 1, 2018). Thus, counsel should have been familiar with the e-filing requirements.

¶ 31 Additionally, the failure to submit the document individually was not as "minor" as the mere failure to insert an attorney code in one section of an e-filing when that same code had been provided in another section. Also, the clerk here rejected the motion to reconsider for the additional reasons that respondent's counsel did not file an appearance or pay the filing fee. Thus, counsel's failure to comply with the e-filing requirements was more egregious than merely failing to submit the motion individually. *Davis* is distinguishable on this basis as well.

¶ 32    Further, we respectfully disagree with *Davis* to the extent it held that good cause existed because the noncompliance there did not affect the substance of the document filed. Were we to adopt that reasoning, any submission requirements that do not impact the document's substance would excuse a failure to comply with those requirements. Such a rule would undermine the gatekeeping role of submission requirements. Accordingly, we respectfully decline to follow that aspect of *Davis*'s holding.

¶ 33    Because respondent failed to timely file the motion to reconsider and show good cause to excuse the late filing, the trial court erred in finding that the motion to reconsider was timely. Accordingly, the court lacked jurisdiction to rule on the motion to reconsider and vacate the July 12, 2019, judgment. The July 12, 2019, judgment stands.

¶ 34    As the trial court lacked jurisdiction to vacate the July 12, 2019, judgment, we need not decide whether the court erred in granting the motion to reconsider or in denying plaintiff's motion to resume the citation proceeding.

¶ 35                              III. CONCLUSION

¶ 36    For the reasons stated, we reverse the judgment of the circuit court of Lake County.

¶ 37    Reversed.