2022 IL App (2d) 210179
No. 2-21-0179
Opinion filed December 5, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| WAUKEGAN HOSPITALITY GROUP, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-LM-799 |
| | ) | |
| STRETCH'S SPORTS BAR & GRILL | ) | |
| CORPORATION, | ) | Honorable |
| | ) | Michael B. Betar, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Hutchinson concurred in the judgment and opinion

**OPINION**

¶ 1    Plaintiff, Waukegan Hospitality Group, LLC, appeals the trial court's judgment, based on a directed finding at the close of its case, in favor of defendant, Stretch's Sports Bar & Grill Corporation. We dismiss for lack of jurisdiction.

¶ 2                              I. BACKGROUND

¶ 3    On September 1, 2020, plaintiff filed a verified complaint for eviction against defendant. It sought possession (count I) and a money judgment (count II).

¶ 4    The matter proceeded to a bench trial. At the close of plaintiff's case, on March 1, 2021, the trial court directed a finding against plaintiff and entered judgment in favor of defendant. The next day, on March 2, 2021, the court entered a written order memorializing the judgment.

¶ 5 On April 6, 2021, plaintiff filed a notice of appeal. In the notice, plaintiff certified that it served the notice on defendant on April 1, 2021.

¶ 6                                   II. ANALYSIS

¶ 7 We must first address our jurisdiction to consider this appeal. See *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994) (appellate court has independent duty to consider its jurisdiction before proceeding to the merits of the case). Plaintiff asserts this court has jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017).

¶ 8 Rule 301 provides that every final judgment in a civil case may be appealed as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "The appeal is initiated by filing a notice of appeal," and "[n]o other step is jurisdictional." *Id.* Rule 303(a)(1) states, in pertinent part, that "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from," unless the appellant files a motion directed against the judgment within the period. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Thus, when, as here, a party does not file a postjudgment motion, we do not have jurisdiction unless that party files a notice of appeal within 30 days of the appealed judgment, unless we extend that time. See Ill. S. Ct. R. 303(d) (eff. July 1, 2017) (permitting the appellate court to extend the time to file a notice of appeal).

¶ 9 To begin our analysis, we must establish the judgment date. On March 1, 2021, the trial court directed a finding against plaintiff and entered judgment in defendant's favor and entered a written order the next day.

¶ 10 Illinois Supreme Court Rule 272 (eff. Jan. 1, 2018) states, "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge ***, the clerk shall make a notation to that effect and the judgment becomes final only when

the signed judgment is filed." Here, the court's March 1, 2021, docket entry contains a notation that, although judgment had been entered in defendant's favor, no order was entered that day. Thus, the time for filing a notice of appeal commenced on March 2, 2021, when the court signed and entered the written judgment, and plaintiff's notice of appeal was due no later than April 1, 2021.

¶ 11    Plaintiff's notice of appeal contains a stamp from the circuit clerk, which states it was electronically filed on April 6, 2021—five days *after* the time for filing a notice of appeal expired. Plaintiff nevertheless maintains it "timely filed and served its Notice of Appeal on April 1, 2021[,] pursuant to Illinois Supreme Court Rule 303; however, on April 6, 2021, the [circuit clerk] returned the filing with instructions to resubmit, to which Plaintiff promptly complied."

¶ 12    Initially, we note plaintiff's assertion that it timely submitted the notice of appeal via the court's electronic filing manager, on April 1, 2021, which was rejected and resubmitted on April 6, 2021, finds no support in the record. But even taking as true plaintiff's assertion, we must dismiss the appeal.

¶ 13    Illinois Supreme Court Rule 9 (eff. Feb. 4, 2022) governs the electronic filing of documents in the trial, appellate, and supreme courts. It provides, in pertinent part, that a document is considered timely filed in the relevant court if submitted before midnight on the due date. Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022). Rule 9(d) also allows a party to seek relief when a system error or user error causes a document to be untimely. *Id.* Relevant here, "[if] a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from *the court*, upon good cause shown." (Emphasis added.) Ill. S. Ct. R. 9(d)(2) (eff. Feb. 4, 2022). Thus, when, as here, a document is timely submitted but rejected after the deadline for filing, the electronic transmission "ha[s] no effect, unless the *** court subsequently grant[s] 'appropriate relief.' "

*Davis v. Village of Maywood*, 2020 IL App (1st) 191011, ¶ 19; see also Ill. S. Ct. R. 9(d)(2) (eff. Dec. 13, 2017). The rule does not specify from which court a party must seek relief and instead generally states the party may seek relief from "the court." Ill. S. Ct. R. 9(d)(2) (eff. Feb. 4, 2022). In the context of a notice of appeal, however, the appropriate court from which to seek relief would be the trial court, because that is the only court, up to that point, that ever had jurisdiction over the parties and subject matter.

¶ 14    Under the rule, it appears plaintiff's recourse after the clerk rejected the notice of appeal was to file a motion seeking relief from the trial court, supported by good cause. *Id.* However, by the time the circuit clerk rejected the notice of appeal, 35 days after it was due, the trial court was divested of jurisdiction. *E.g.*, *Village of Bloomingdale v. Lake/Ridge, LLC*, 2021 IL App (2d) 200232, ¶ 13 (trial court loses jurisdiction 30 days after judgment is entered unless a party files a motion directed against the judgment or obtains from the court an order extending the time in which to do so).

¶ 15    Thus, it appears the procedure to seek relief under Rule 9(d)(2) may not apply to a notice of appeal, because (1) a trial court loses its jurisdiction 30 days after final judgment, and (2) the rule does not state that a trial court retains jurisdiction to grant such relief. See *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 19 (although Illinois Supreme Court Rule 9(d)(1) (eff. Feb. 4, 2022) "do[es] not explicitly limit the time in which the court may enter an order backdating a document" where system error caused the document to be untimely, Rule 9(d)(1) does not "apply *** over the specific jurisdictional deadline[] in *** Rule 303(a)(1)."). However, a party could still seek relief from this court under Rule 303(d), which states this court may, upon a showing of a "reasonable excuse," grant leave to file a late notice of appeal. Ill. S. Ct. R. 303(d) (eff. July 1,

2017). That relief must be sought "within 30 days after expiration of the time for filing a notice of appeal." *Id.*

¶ 16    We need not decide whether Rule 9(d)(2) or Rule 303(d) is the proper vehicle to excuse a late electronic filing of a notice of appeal, however, because plaintiff did not seek relief under either. Indeed, plaintiff never attempted to show good cause to the trial court or a reasonable excuse to this court for its untimely filing of the notice of appeal, and we cannot now make that determination. Simply put, when the circuit clerk rejected the notice of appeal, plaintiff's earlier electronic transmission of the document had no effect. *Davis*, 2020 IL App (1st) 191011, ¶ 19. The notice of appeal became effective on April 6, 2021, when it was resubmitted, accepted, and stamped "filed" by the clerk. Accordingly, plaintiff's notice of appeal was untimely.

¶ 17    We briefly dispel any notion that plaintiff's notice of appeal was timely *filed* by *serving* it on defendant on April 1, 2021. Filing and serving documents are distinct actions, and service of an unfiled notice of appeal within 30 days does not render the notice timely filed. The sole step a party must take to vest this court with jurisdiction is to *file with the circuit clerk* a notice of appeal within 30 days of a final judgment. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017). Here, plaintiff filed its notice of appeal outside the 30 days. Accordingly, we must dismiss the appeal. *Almgren*, 162 Ill. 2d at 210.

¶ 18    We recognize that dismissal of this appeal is a harsh result. This case demonstrates the perils of waiting until the thirtieth day to file a notice of appeal. We appreciate that mistakes happen, and a party is not without recourse when they do. But the party must seek that recourse promptly. Plaintiff did not do so. We must apply the supreme court rules as written, and when jurisdiction is lacking, we are compelled to dismiss the appeal. *Id.*

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 21    Appeal dismissed.

*Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*,
**2022 IL App (2d) 210179**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 20-LM-799; the Hon. Michael B. Betar, Judge, presiding. |
| **Attorneys for Appellant:** | Thomas J. Nitschke, of Blaise & Nitschke, P.C., of Chicago, for appellant. |
| **Attorneys for Appellee:** | John L. Quinn and John W. Quinn, of Churchill, Quinn, Hamilton & Van Donselaar, Ltd., of Grayslake, for appellee. |