**2024 IL 129277**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 129277)

WAUKEGAN HOSPITALITY GROUP, LLC, Appellant, v.
STRETCH'S SPORTS BAR & GRILL CORPORATION, Appellee.


*Opinion filed January 19, 2024.*


JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Overstreet, Holder White, Cunningham, Rochford, and O'Brien concurred in the judgment and opinion.


## OPINION

¶ 1    In this case, we are asked to consider whether the appellate court had jurisdiction to hear the appeal of plaintiff, Waukegan Hospitality Group, LLC, where plaintiff (1) electronically filed its notice of appeal five days after it was due and (2) did not file a motion seeking leave to show good cause or a reasonable excuse for the late filing. The appellate court found that the plaintiff did not comply

with the supreme court rules. 2022 IL App (2d) 210179, ¶ 16. We allowed plaintiff's petition for leave to appeal pursuant to Illinois Supreme Court Rule 315 (eff. Oct. 1, 2021). For the following reasons, we affirm the appellate court's judgment.

¶ 2                                I. BACKGROUND

¶ 3        On September 1, 2020, plaintiff filed a two-count complaint in Lake County circuit court for eviction against defendant, Stretch's Sports Bar & Grill Corporation. Count I sought possession, and count II sought a money judgment. On March 1, 2021, after plaintiff presented its case at a bench trial, on defendant's motion the trial court found against plaintiff and entered judgment in favor of defendant. See 735 ILCS 5/2-1110 (West 2020). On March 2, 2021, the court entered a written order memorializing its judgment. Plaintiff filed a notice of appeal on April 6, 2021.

¶ 4        The appellate court first addressed its jurisdiction to consider plaintiff's appeal. 2022 IL App (2d) 210179, ¶ 7. The court determined that the final judgment date was March 2, 2021, which made plaintiff's notice of appeal due on or before April 1, 2021. *Id.* ¶ 10. Plaintiff's notice of appeal was file-stamped on April 6, 2021. *Id.* ¶ 11. The court noted plaintiff's assertions that it had electronically submitted the notice of appeal on April 1, 2021, that the clerk rejected the notice of appeal on April 6, 2021, and that plaintiff resubmitted the notice of appeal on the same day. *Id.* ¶ 12. The court found the first two factual assertions were not supported by the record. *Id.* Nonetheless, the court rejected plaintiff's arguments and would have made the same decision even if it assumed each factual assertion were true. *Id.*

¶ 5        The court described two potential avenues for relief where a clerk's rejection of a notice of appeal renders the document untimely—(1) relief can be obtained in the circuit court under Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 4, 2022), or (2) relief can be obtained in the appellate court pursuant to Illinois Supreme Court Rule 303(d) (eff. July 1, 2017). 2022 IL App (2d) 210179, ¶¶ 13-15. Ultimately, the court did not decide which rule was the "proper vehicle to excuse a late electronic filing of a notice of appeal *** because plaintiff did not seek relief under either." *Id.* ¶ 16. The court held that jurisdiction was lacking and dismissed plaintiff's appeal. *Id.* ¶¶ 18, 21.

¶ 6    This court granted plaintiff's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2021).

## II. ANALYSIS

¶ 8    Plaintiff again argues that its notice of appeal was filed timely because it electronically submitted the notice of appeal before midnight on the due date, April 1, 2021. Plaintiff invokes due process concerns and argues that it should not be penalized where the clerk erroneously rejected its notice of appeal. Finally, plaintiff recommends that this court "consider ordering the clerks of this State discontinue the process of outright rejecting motions to reconsider and notices of appeal when a non-material defect is recognized in the electronic filing." For the following reasons, we reject plaintiff's arguments.

### A. Proceeding With Review on Plaintiff's Brief Alone

¶ 10   Defendant did not file a brief in this court. However, our review is not hindered because the record is simple and the issue is one that the court can easily decide on plaintiff's brief alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Thus, following *Talandis*, we find support for our decision to address the merits of this appeal. See *McHenry Township v. County of McHenry*, 2022 IL 127258, ¶ 48.

### B. Standard of Review

¶ 12   "The determination of whether the appellate court had jurisdiction to consider an appeal is a question of law, which we review *de novo*." *People v. Vara*, 2018 IL 121823, ¶ 12. The construction of our rules is also a question of law subject to *de novo* review. *People v. Casler*, 2020 IL 125117, ¶ 22.

### C. Supreme Court Rules Governing Notices of Appeal

¶ 14   "Every final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "The appeal is initiated by filing a notice of

appeal." *Id.* "No other step is jurisdictional." *Id.* "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from ***." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). The notice of appeal in a civil case "shall be electronically filed with the clerk of court." Ill. S. Ct. R. 9(a) (eff. Feb. 4, 2022). Rule 9(d) provides: "Unless a statute, rule, or court order requires that a document be filed by a certain time of day, a document is considered timely if submitted before midnight (in the court's time zone) on or before the date on which the document is due." Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022).

¶ 15   A document is untimely if it is rejected by the clerk and not timely resubmitted and accepted. See Ill. S. Ct. R. 9(d)(2) (eff. Feb. 4, 2022); *Davis v. Village of Maywood*, 2020 IL App (1st) 191011, ¶ 19 (holding that a rejected submission has "no effect"). In that event, our rules provide two potential avenues of relief. First, Rule 9(d)(2) provides that, "[i]f a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." Ill. S. Ct. R. 9(d)(2) (eff. Feb. 4, 2022).[1] The circuit court is vested with "sound discretion" in determining whether "good cause" has been shown. See *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 353 (2007) (holding that "what constitutes good cause," in the context of a motion for extension of time, "is fact-dependent and rests within the sound discretion of the circuit court"); see also *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶ 15 (holding that a circuit court's ruling on a litigant's Rule 9(d)(2) motion is reviewed for an abuse of discretion).

¶ 16   Second, Rule 303(d) is another potential avenue for relief and permits a litigant to take its case directly to the appellate court. Rule 303(d) provides that "the reviewing court may grant leave to appeal" on "motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the

---

[1]We note that there is disagreement in the appellate court on whether Rule 9(d)(2) can be used to establish jurisdiction when a notice of appeal is not timely filed. Compare *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶¶ 46-47 (holding that a trial court could rule on a Rule 9(d)(2) motion after 30 days from the entry of a final judgment, as a *nunc pro tunc* order, if the document was electronically submitted within the 30-day limitation period), with 2022 IL App (2d) 210179, ¶ 15 (noting that the "procedure to seek relief under Rule 9(d)(2) may not apply to a notice of appeal because (1) a trial court loses its jurisdiction 30 days after final judgment, and (2) the rule does not state that a trial court retains jurisdiction to grant such relief"). We need not decide the availability of relief under Rule 9(d)(2) in this case because plaintiff never sought such relief.

- 4 -

proposed notice of appeal and the filing fee, filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal." Ill. S. Ct. R. 303(d) (eff. July 1, 2017). We have found "reasonable excuse" where an attorney made an "honest mistake" in recording the incorrect date for the final judgment and, immediately upon discovering the error, "made every effort to rectify the situation." *Bank of Herrin v. Peoples Bank of Marion*, 105 Ill. 2d 305, 308-09 (1985).

### D. Plaintiff Failed to Comply With Our Rules

It is undisputed that plaintiff's notice of appeal was filed on April 6, 2021, five days after it was due. It is also undisputed that plaintiff did not seek relief in the circuit court under Rule 9(d)(2) or in the appellate court under Rule 303(d). Nonetheless, plaintiff relies on two facts to argue that the appellate court had jurisdiction: (1) that it submitted a notice of appeal electronically on April 1, 2021, and (2) that the clerk erroneously rejected the notice of appeal. We find plaintiff's arguments unpersuasive for two reasons. First, the record does not support either of plaintiff's factual assertions. Second, under our rules, plaintiff was required to have its untimely filing excused by a court.

### 1. Incomplete Record

The appellant has the burden of presenting a sufficiently complete record to support a claim of error. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). "A party may generally not rely on matters outside the record to support its position on appeal." *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009). If pleadings, exhibits, or other materials are not in the record, they may not be placed before a reviewing court in an appendix. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019) (providing that the appendix to an appellant's brief is limited to pleadings, exhibits, or other materials "from the record"); *Oruta v. B.E.W.*, 2016 IL App (1st) 152735, ¶ 32 (explaining that materials improperly placed in an appendix will be disregarded).

The documents alleged to support plaintiff's factual assertions are not in the record. Instead, they are in the appendix to its appellant's brief. Plaintiff's appendix includes, *inter alia*, documents titled "Notice of Appeal Filed April 1, 2021" and

"E-Filing Envelope Information." Plaintiff labels each document as a supplemental record exhibit. The "E-Filing Envelope Information" consists of the clerk's rejection, which indicates that the April 1 filing was the notice of appeal with the trial court's order included as an attachment. Based on these exhibits, plaintiff maintains that its April 1 filing was "Rejected" and that the clerk's explanation was that there "should not be any attachments." The clerk directed plaintiff to "resubmit with all pages as one lead document." Plaintiff argues that the clerk's reason for rejection was "in contravention of the Nineteenth Judicial Circuit's specific rule requiring litigants to upload documents separately and expressly forbidding filers from combining multiple documents into one PDF." See 19th Judicial Cir. Ct. R. 1-2.08(E) (Dec. 31, 2017) ("Bulk filings of multiple cases or multiple documents combined into one PDF document shall not be accepted.").

¶ 22    Because the documents or exhibits are only found in the appendix, the facts and inferences flowing from the documents or exhibits are not within the record. The documents or exhibits were also not presented to the appellate court. In short, evidence of plaintiff's assertions—that it timely submitted its notice of appeal electronically and that the clerk erroneously rejected the electronic filing—is not found in the common-law record. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) ("Contents of the Record on Appeal"—"The common law record includes every document filed, judgment, and order entered and any exhibit offered and filed by any party."). As will be discussed more fully below, plaintiff never filed a motion in either the circuit or appellate court to challenge the propriety of the clerk's rejection, and thus, the supporting documents were never made part of the record. As a result, there is no basis in the record to find that plaintiff's notice of appeal was timely.

¶ 23               2. Plaintiff Failed to Seek Recourse for Its Untimely Filing

¶ 24    Because plaintiff's notice of appeal was untimely, plaintiff was required to seek relief. Plaintiff did not do so. That fact is fatal to plaintiff's claim that the appellate court had jurisdiction. Plaintiff's reliance on due process concerns is misplaced because plaintiff did not utilize the remedies available. See *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) ("[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural

remedies and the plaintiff has not availed himself of those remedies."). As discussed above, two of our rules provide potential recourse for a litigant who has an initial submission rejected by the clerk. Taking plaintiff's premise as true, that the clerk erroneously applied local rules in rejecting his initial submission, one would be hard-pressed to find a more compelling case of "good cause" or "reasonable excuse" to allow plaintiff's appeal to proceed. However, plaintiff never sought to establish that premise in either the circuit or appellate court. Because plaintiff did not seek to excuse its untimely filing, it is left with the fact that its notice of appeal was filed five days after the due date. The legal effect of that fact is that the appellate court did not have jurisdiction to hear plaintiff's appeal.

¶ 25                                              III. CONCLUSION

¶ 26          Under our rules, when the clerk's rejection of a litigant's electronically filed notice of appeal causes it to be untimely, the litigant must invoke the Illinois Supreme Court rules to seek recourse. Plaintiff's notice of appeal was untimely, and plaintiff did not seek recourse in our rules. Accordingly, the appellate court was correct that it lacked jurisdiction.

¶ 27          Appellate court judgment affirmed.

¶ 28          Appeal dismissed.