2024 IL App (1st) 230296-U

SECOND DIVISION
September 30, 2024

No. 1-23-0296

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON f/k/a The Bank of New York as Trustee for the benefit of the certificate holders of the CWABS Inc., asset-backed certificates, series 2004-5 BC5, | ) ) ) ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal from the Circuit Court of |
| Fikret Veljacic, | ) ) | Cook County |
| Defendant-Appellant. | ) ) ) | 12 CH 29443 |
| ISMET SHARICH, HASAN SARIC, DAMIR SARIC, and RAFJA SARIC, | ) ) ) | |
| Petitioner-Appellees, | ) ) ) | Honorable Joel Chupack, Judge Presiding |
| v. | ) ) | |
| THE BANK OF NEW YORK MELLON f/k/a The Bank of New York as Trustee for the benefit of the certificate holders of the CWABS Inc., asset-backed certificates, series 2004-5, Fikret Veljacic, Unknown Heirs and Legatees, and Carmen LuPera, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1   *Held*: Appeal dismissed. Appellant did not file timely notice of appeal, depriving this
court of jurisdiction.

¶ 2   This is an appeal from the grant of a petition brought under section 2-1401 of the Code of

Civil Procedure (735 ILCS 5/2-1401 (West 2020)), by petitioners Ismet Sharich, Hasan Saric,

Damir Saric, and Rafja Saric (petitioners), and the denial of a motion to reconsider that order.

¶ 3    This case is a follow-up to our March 2019 decision, *Bank of New York Mellon v.*

*Veljacic*, 2018 IL App (1st) 180405-U, ¶ 27, where we vacated summary judgment in this

foreclosure action because the plaintiff bank, the Bank of New York Mellon (BONYM), failed to

strictly follow the requirements of Illinois Supreme Court Rule 191. Notably for our purposes

here, BONYM had been the successful bidder at the judicial sale, meaning BONYM became the

owner of the foreclosed property. *Id*. ¶ 10. We will call that decision "*Veljacic I*."

¶ 4   Having vacated the court's judgment of foreclosure and the confirmation of judicial sale

(*id*. ¶ 35), we remanded for further proceedings—ostensibly, one would think, to essentially start

the process over again. And indeed, that happened in the circuit court. Plaintiff BONYM sought

and was granted a judgment of foreclosure against the defendant. At the second judicial sale,

however, BONYM was not the successful bidder; an individual named Carmen LuPera

purchased the property. The trial court confirmed that sale.

¶ 5   But apparently one hand at BONYM was not talking to the other, and neither hand was

talking to this court. It turns out that before we issued our appellate decision in *Veljacic I*,

plaintiff BONYM, who had been the successful bidder at the first judicial sale, sold the subject

property to petitioners, innocent third parties with otherwise no connection to the matter. (The

petitioners bought the property from BONYM on June 11, 2018; we issued our decision in *Veljacic I* on March 20, 2019.)

¶ 6    Had BONYM realized as much during the pendency of the *Veljacic I* appeal, it likely would have moved to dismiss the appeal as moot, given the subsequent sale of the property to a *bona fide* nonparty purchaser. And that motion likely would have been well taken. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001) (absent stay of judgment, sale of subject property to nonparty renders appeal moot); *Deutsche Bank National Trust Co. as Trustee for Indymac Indx Mortgage Loan Trust 2006-AR25 v. Roman*, 2019 IL App (1st) 171296, ¶¶ 21-23 (same); Ill. S. Ct. R. 305(j) (eff. July 1, 2004) (absent stay of judgment, subsequent sale of subject property to nonparty purchaser renders suit over property moot).

¶ 7    But BONYM never told this court about the subsequent sale, so we issued our judgment in *Veljacic I*, and the foreclosure proceedings started all over again in the circuit court, even though the property was already owned by petitioners.

¶ 8    Imagine petitioners' surprise when they learned, via an eviction notice, that Carmen LuPera was now claiming ownership of their property, too—and was armed with a bill of sale and judicial confirmation of that sale. So petitioners filed this section 2-1401 petition to collaterally challenge the second judgment of foreclosure and judicial sale to Carmen LuPera.

¶ 9    The circuit court granted their section 2-1401 petition. The court vacated all orders in the second foreclosure proceeding—the second judgment of foreclosure, the second confirmation of judicial sale—declaring them void and of no force or effect.

¶ 10   Enter the original defendant, the original landowner who lost his property to foreclosure, Fikret Veljacic. Veljacic, a respondent in the section 2-1401 petition, moved to vacate the court's order that granted the section 2-1401 petition and vacated all orders from the second foreclosure.

Veljacic argued, among other things, that he was not properly served with the section 2-1401 petition, and the petitioners lacked standing to challenge the second foreclosure judgment.

¶ 11    The circuit court denied Veljacic's motion on December 12, 2022. He filed his notice of appeal on January 12, 2022. That requires us to dismiss this appeal, as Veljacic was required to file his notice of appeal within 30 days of the judgment under appeal, and he filed it one day late.

¶ 12    Appeals from an order granting or denying a section 2-1401 petition are governed by Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016). Rule 304 adopts the timing for filing the notice of appeal "provided in Rule 303." *Id*. R. 304(a). In turn, Rule 303 requires that notices of appeal be filed within 30 days after the entry of the judgment appealed from. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 13    "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). This court has no discretion to forgive an untimely filing; indeed, our appellate jurisdiction is so important that this court has a duty to consider its own jurisdiction, even if the parties do not raise it. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010).

¶ 14    Here, the judgment order under review was entered on December 12, 2022. Thirty days after that date would be January 11, 2023, a Wednesday and not a state or federal holiday. Unfortunately, the notice of appeal was filed electronically on January 12, 2023, one day late, thus depriving us of jurisdiction.

¶ 15    It is never a happy occasion to dismiss an appeal for untimeliness, particularly when the notice of appeal was only one day late. It is still more painstaking here, as the record shows that Veljacic's counsel electronically filed the notice of appeal with a time stamp of *12:01 am on*

*January 12, 2023*—meaning if the notice of appeal had been filed *two minutes earlier*, it would have been timely filed on January 11, 2023.

¶ 16    Unfortunately, there is no buffer in the law; late is late, whether days late or minutes late. We lack any authority to excuse an untimely filing. We have no choice but to dismiss this appeal for lack of jurisdiction.

¶ 17    We would note that the supreme court rules provide recourse for litigants who file late notices of appeal, as our supreme court recently reminded us. See *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Co.*, 2024 IL 129277, ¶ 24. Illinois Supreme Court Rule 303(d) (eff. July 1, 2017) provides that "the reviewing court may grant leave to appeal" to a litigant who misses the filing deadline on "motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the filing fee, filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal."

¶ 18    If a litigant files this motion seeking leave "within 30 days" of the deadline (*id.*) and provides a "reasonable excuse" (*id.*) for missing the deadline, the appellate court may grant leave to file a late notice of appeal. As our supreme court noted, "[w]e have found 'reasonable excuse' where an attorney made an 'honest mistake' in recording the incorrect date for the final judgment and, immediately upon discovering the error, 'made every effort to rectify the situation.' " *Waukegan Hospitality Group*, 2024 IL 129277, ¶ 24 (quoting *Bank of Herrin v. Peoples Bank of Marion*, 105 Ill. 2d 305, 308-09 (1985)).

¶ 19    Unfortunately, that 30-day window following the filing deadline has long passed. We must dismiss the appeal for lack of jurisdiction.

¶ 20    Appeal dismissed.