2026 IL App (1st) 251009-U

No. 1-25-1009

Order filed June 1, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| WIESLAWA ELMESQUINE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellee | ) | Cook County. |
| | ) | |
| v. | ) | No. 24M1014314 |
| | ) | |
| DOROTA BEBENEK, | ) | Honorable |
| | ) | Aileen Bhandari, |
| Defendant and Counterplaintiff-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the trial court's judgments where appellant provided an insufficient record on appeal for review.

¶ 2   Defendant and counterplaintiff Dorota Bebenek appeals *pro se* from orders of the trial court that (1) entered judgment for $2,200 in favor of plaintiff and counterdefendant Wieslawa Elmesquine on Elmesquine's claim that her landlord, Bebenek, entered Elmesquine's apartment and discarded Elmesquine's belongings; and (2) denied Bebenek's counterclaim for reputational

harm and emotional distress.[1] On appeal, Bebenek argues that the trial court's finding that Bebenek unlawfully locked Elmesquine out of her apartment was against the manifest weight of the evidence. Bebenek also argues that the court failed to consider her counterclaim. We affirm.

¶ 3　The record on appeal comprises a single volume of the common law record without a report of proceedings or acceptable substitute under Illinois Supreme Court Rule 323(c), (d) (eff. July 1, 2017).

¶ 4　On September 6, 2024, Elmesquine filed *pro se* a small claims complaint, seeking $10,000, relating to her lease of an apartment from Bebenek. Elmesquine alleged that on August 13, 2024, while she was moving out of the apartment, Bebenek "let herself into the house," "threw away [Elmesquine's] belongings," and "blocked the parking spots of [her] building." According to Elmesquine, Bebenek discarded Elmesquine's clothes, furniture, family pictures, jewelry, and "kitchen stuff."

¶ 5　Bebenek filed a counterclaim against Elmesquine, seeking $5,000. Bebenek alleged that Elmesquine made false statements with actual malice and an intent to harm Bebenek's reputation by filing an "unfounded misconduct complaint" against Bebenek with the Chicago Police Department. Bebenek also alleged that Elmesquine's complaint caused reputational harm, emotional distress, "potential career setbacks," and permanent damage to Bebenek's professional standing.

¶ 6　On April 28, 2025, the date scheduled for an in-person bench trial, the trial court entered a "Trial Call Order," noting both Elmesquine and Bebenek were present. According to the order, the trial court entered judgment "after trial" against Bebenek for $2,200 "with costs assessed." The

---

[1] Elmesquine's first name also appears in the record as "Violetta."

court also entered judgment "after trial" in Elmesquine's favor on Bebenek's counterclaim. Elmesquine filed a motion to amend the trial court's judgment, which the trial court denied. Bebenek appealed.

¶ 7 On February 10, 2026, we entered an order on our own motion taking the appeal on the record and Bebenek's *pro se* brief only, finding that Elmesquine failed to file a brief on appeal within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal").

¶ 8 On appeal, Bebenek challenges the trial court's finding that she unlawfully locked Elmesquine out of her apartment, arguing that the evidence, including text messages and police reports, showed that Elmesquine voluntarily vacated the apartment. Bebenek also contends that Elmesquine produced no evidence indicating that she was denied access to her assigned parking space and "the trial court found there was no evidence to support" Elmesquine's claim that Bebenek kept Elmesquine's property. Bebenek further contends that the trial court "did not issue a ruling" on her counterclaim.

¶ 9 As an initial matter, we note that, contrary to Bebenek's assertion, the trial court ruled on her counterclaim. The record shows that the trial court found in favor of Elmesquine "after trial" on Bebenek's counterclaim. That said, this court's review of the trial court's judgments on Elmesquine's complaint and Bebenek's counterclaim is impeded by the inadequate record on appeal.

¶ 10    Bebenek, as appellant, bears the burden of providing this court with a sufficiently complete record to review the trial court's judgments. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). As noted, Bebenek failed to provide any report of proceedings or acceptable substitute of the trial proceedings.

¶ 11    Following a bench trial, this court "will a reverse a judgment only if it is against the manifest weight of the evidence." *Chicago Architectural Metals, Inc. v. Bush Construction Co.*, 2022 IL App (1st) 200587, ¶ 49. The trial court's decision is against the manifest weight of the evidence "when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on the evidence." *Id.*

¶ 12    Absent any report of proceedings or acceptable substitute, this court is unable to review the testimony given at trial on Elmesquine's claim or Bebenek's counterclaim, any other evidence submitted, and the arguments made to determine whether the trial court made findings against the manifest weight of the evidence. This court is therefore unable to determine whether any error occurred. See *Foutch*, 99 Ill. 2d at 391 ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the error claimed by the appellant."). We resolve any doubt arising from the incompleteness of the record against Bebenek as the appellant. *Id.* at 392. Absent a sufficient record, this court must presume that the trial court's judgments in favor of Elmesquine awarding her $2,200 on her claim against Bebenek and on Bebenek's counterclaim were "in conformity with law and had a sufficient factual basis." *Id.* Consequently, we have no basis to disturb the trial court's judgments.

¶ 13    In so holding, we note that Bebenek has attached numerous exhibits to her brief that are not included in the record on appeal, such as an administrative summary report of the complaint

Elmesquine brought against Bebenek, a police report dated June 17, 2024, and text messages between Elmesquine and Bebenek. However, this court cannot consider evidence not included in the record on appeal. See *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277, ¶ 20 ("If pleadings, exhibits, or other materials are not in the record, they may not be placed before a reviewing court in an appendix."). We therefore disregard any exhibit submitted with Bebenek's brief not included in the record on appeal.

¶ 14    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 15    Affirmed.