KIMBERLY REDDICK, Plaintiff-Appellant, v. EDWARD C. MURRAY *et al.*, Defendants-Appellees.

Third District    No. 3—94—0008

Opinion filed September 20, 1994.

Chester C. Fuller, of Peoria, for appellant.

Karen Yvette Murray, of Peoria, appellee *pro se.*

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Kimberly Reddick, filed a paternity action against the defendant, Edward C. Murray. The defendant died before the action could be adjudicated. The executor of his estate brought a motion for involuntary dismissal, which was granted. The plaintiff appeals the dismissal. We reverse and remand.

The record shows that Camille Murray was born on July 7, 1992. On September 8, 1992, her mother, the plaintiff, filed a paternity complaint against the defendant. The defendant was served with the complaint on September 16 and died on September 24, 1992. His estate was then added as a party.

The administrator of the defendant's estate, Karen Yvette Murray, filed a motion for involuntary dismissal under section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)). The motion contended that a paternity action cannot survive the death of the putative father. A copy of the defendant's death certificate was attached to the motion. The plaintiff then filed a motion to transfer the suit to probate court.

On December 7, 1993, the trial court issued an order granting the motion for involuntary dismissal and denying the motion to transfer. The order also noted that the plaintiff had filed a separate claim for heirship in Peoria County probate court, case 92—P—570. The plaintiff appeals the dismissal of the paternity action.

Before addressing the merits of the case, we must address the plaintiff's motion to strike the defendant's *pro se* appellee's brief. The motion alleges that the brief contains evidence which was not presented to the trial court.

The motion to strike the defendant's brief is granted in part. An appellee may urge any point in support of judgment on appeal, so long as a factual basis for such point was before the trial court. (*Jackson v. Chicago Board of Education* (1989), 192 Ill. App. 3d 1093, 549 N.E.2d 829.) References to matters outside the record should be stricken. *DiMaggio v. Crossings Homeowners Association* (1991), 219 Ill. App. 3d 1084, 580 N.E.2d 615.

■ The record shows that before the trial court, the defendant argued only that a paternity action cannot survive the death of the putative father. The only evidence contained in the record is the defendant's death certificate. The appellee's brief, however, includes additional facts which focus on impotency and sterility as defenses, and an affidavit from Stephen A. Cullinan, M.D., is attached. Because the record gives no indication that these facts were before the trial court, we strike all facts contained in the appellee's brief and affidavit that are not contained in the defendant's death certificate.

The issue on appeal is whether a paternity action can survive the death of the putative father. Courts are in substantial agreement that no right of action survives the death of the putative father unless a statute expressly provides for the survival of a cause of action or of an action to establish paternity and support of an illegitimate child. *Hayes v. Smith* (1984), 194 Conn. 52, 480 A.2d 425; see *Toms v. Lohrentz* (1962), 37 Ill. App. 2d 414, 185 N.E.2d 708.

*Toms* is the only Illinois case to address whether a paternity action survives the death of the putative father. It held that a paternity action did not survive, because the remedy granted by the Paternity Act contemplated a living father. It further held that an action could not be brought against the estate of the putative father unless paternity was adjudicated during his lifetime.

Because *Toms* relies on statutory interpretation of a repealed statute to reach its holding, it no longer accurately reflects the law of Illinois. The current paternity act, the Illinois Parentage Act of 1984 (the Parentage Act) (750 ILCS 45/1 *et seq.* (West 1992)), does contemplate a paternity action surviving the death of the putative father. Section 9(b) of the Parentage Act reads: "The [paternity] action may be brought in the county in which any party resides or is found or, *if the father is deceased, in which proceedings for probate of his estate have been or could be commenced.*" (Emphasis added.) 750 ILCS 45/ 9(b) (West 1992).

■ The order from the trial court appears to imply a paternity action is a needless duplication of litigation when an heirship action exists in probate court. It is true that there is some duplication of remedy between the two statutes. For example, the Probate Act of 1975 (the Probate Act) allows nine months of child support for minor children after the death of a parent. (755 ILCS 5/15—2 (West 1992).) However, there are other remedies that are not duplicated, such as pregnancy costs. The Parentage Act allows the court to award reasonable expenses for pregnancy and delivery (750 ILCS 45/14(a)(1) (West 1992)), but the Probate Act does not.

Thus, paternity proceedings after death are recognized by the

336

Parentage Act and are separate and distinct from heirship actions in remedy. For the foregoing reasons, we reverse the trial court's decision and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and BRESLIN, JJ., concur.