No. 2-23-0088
Opinion filed November 7, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KELLY KILPATRICK, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-LA-453 |
| | ) | |
| BAXTER HEALTHCARE CORPORATION, | ) | Honorable |
| | ) | Charles W. Smith, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court, with opinion.
Justices Jorgensen and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1   Plaintiff, Kelly Kilpatrick, appeals from an order of the circuit court of Lake County, granting the motion of defendant, Baxter Healthcare Corporation, to dismiss her personal injury complaint pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2022)). On appeal, plaintiff argues that the circuit court abused its discretion when it determined that plaintiff failed to demonstrate good cause shown under Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 4, 2022) and therefore refused to backdate her complaint *nunc pro tunc*. For the reasons that follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3   Plaintiff filed a complaint against defendant alleging that on September 13, 2020, she was

injured after she slipped and fell at a facility maintained by defendant. Plaintiff's complaint was file stamped in Lake County on September 15, 2022, via the Odyssey EFileIL (Odyssey) portal. Defendant moved to dismiss under section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2022)), alleging that plaintiff failed to file her complaint by September 13, 2022, the last day within the applicable two-year statute of limitations period. *Id.* § 13-202.

¶ 4       In her response to the motion, plaintiff alleged that she had originally submitted her complaint on September 13, 2022, at 1:06 p.m., using the Odyssey portal. That submission was rejected the next day, with an accompanying rejection notification from Odyssey. Counsel for plaintiff alleged in the response that, after receiving the rejection notice, he realized that he had inadvertently included his law firm's attorney number rather than the attorney registration number issued by the Illinois Attorney Registration and Disciplinary Commission (ARDC). Counsel alleged that he then fixed the submission to include his ARDC number and resubmitted the corrected complaint via the Odyssey portal on September 15, 2022, at which point the complaint was accepted and filed.

¶ 5       Additionally, in her response to defendant's motion to dismiss, plaintiff requested relief under Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 4, 2022), arguing that there was good cause for the untimely submission because she had *attempted* to file the complaint within the applicable limitations period and the rejection was due to a "minute" error tantamount to a scrivener's error. Plaintiff argued that, because there was good cause for the error in the original complaint, the complaint should be corrected *nunc pro tunc* to show that it was filed on September 13, 2022.

¶ 6       In support of her claims, plaintiff attached to her response the following: an e-mail reply from Odyssey sent September 13, 2022, indicating that a filing had been submitted on September 13, 2022, at 1:06 p.m. and that the document had been filed as a complaint; an email from Odyssey

stating that the submission had been rejected, that the "Returned Reason" was a "Format Error," and reading, in a box labeled "Returned Comments," "Local rule 1-1.12B-All documents filed or served in any cause shall contain the attorney's name, address, e-mail address, telephone number and State of Illinois attorney registration number. YA"; and lastly, a copy of the complaint, file-stamped September 15, 2022.

¶ 7     At a hearing on the motion to dismiss, the circuit court granted defendant's motion. While the record contains no transcript of the motion hearing, an order was entered stating, in relevant part, that "plaintiff was unable to demonstrate good cause to modify her complaint *nunc pro tunc* to comply with the statute of limitations," and citing *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, and *Leff, Klein & Kalfen, Ltd. v. Wiczer & Associates, LLC*, 2022 IL App (2d) 220089-U. Plaintiff appealed.

¶ 8                                    II. ANALYSIS

¶ 9     Before considering the merits of plaintiff's appeal, we must first address the record on appeal and defendant's motions to strike. First, in its appellee's brief, defendant urges that we strike plaintiff's opening brief and dismiss her appeal. Defendant also filed a motion to strike portions of plaintiff's reply brief, which we ordered be taken with the case. In both motions, defendant contends that plaintiff improperly attached exhibits, exhibits A and B, to her opening brief and to her reply brief that were not in the common law record and also that she failed to cite to the common law record in her statement of facts and in her argument. Plaintiff asserts that exhibits A and B were taken directly from the common law record and "were relied upon by the circuit court."

¶ 10    An appellant " 'has the burden of presenting a sufficiently complete record of the proceedings' " to support a claim of error. *Fraser v. Jackson*, 2014 IL App (2d) 130283, ¶ 22

(quoting *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003), citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). The record on appeal is prepared and certified by the clerk of the circuit court. (Ill. S. Ct. R. 324 (eff. July 1, 2017)). It consists of the judgment appealed from, the notice of appeal, and the entire original common law record. (Ill. S. Ct. R. 321 (eff. Oct. 1, 2021)). The common law record includes "every document filed, judgment, and order entered and any exhibit offered and filed by any party." *Id.* Illinois Supreme Court Rule 323 (eff. July 1, 2017) requires that the record on appeal contain a report of the circuit court proceedings, consisting of a transcript or, if no transcript is available, a bystander's report or an agreed statement of facts.

¶ 11    An appellate court may not consider documents that are not part of the certified record on appeal, and attachments to appellate briefs that are not contained in the certified record on appeal cannot be used to supplement the record and are not properly before a reviewing court. *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 14 (2009). References to evidence outside the record are not permitted and should be stricken. *Reddick v. Murray*, 266 Ill. App. 3d 333, 334 (1994). "In the absence of a complete record, the reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Fraser*, 2014 IL App (2d) 130283, ¶ 22. But we will not strike a party's statement of facts unless it includes such flagrant improprieties that it hinders our review of the issues. *John Crane Inc. v. Admiral Insurance Co.*, 391 Ill. App. 3d 693, 698 (2009).

¶ 12    Turning to defendant's motions to strike, although plaintiff asserts that her exhibits A and B are "taken directly from the Common Law Record," our examination shows that only a portion of exhibits A and B are properly before this court. Specifically, each exhibit is two to three pages long, but the certified record contains only the first page of each exhibit. Plaintiff's opening brief contains no direct references to the additional material that appears in exhibits A and B. For that

reason, the brief does not warrant striking; rather, any unsupported statements shall be disregarded. See *id.* However, when arguing in her reply brief that the exhibits are the same documents contained in the common law record, plaintiff discusses matter *de hors* the certified record. That is improper. *DiMaggio v. Crossings Homeowners Ass'n*, 219 Ill. App. 3d 1084 (1991). Accordingly, we grant defendant's motion to strike portions of plaintiff's reply brief and strike all references to facts in plaintiff's reply brief not contained in the record. See *Reddick*, 266 Ill. App. 3d at 335.

¶ 13    Turning to the merits, plaintiff contends that the circuit court erred in finding that she failed to show good cause pursuant to Rule 9(d)(2). Plaintiff argues that, in finding that she did not demonstrate good cause, the circuit court did not properly assess the totality of the circumstances in accordance with *Davis v. Village of Maywood*, 2020 IL App (1st) 191011. In so doing, she contends, the circuit court misread *O'Gara* and *Leff*.

¶ 14    Rule 9(d)(2) provides relief for certain untimely filings, stating "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." Ill. S. Ct. R. 9(d)(2) (eff. Feb. 4, 2022). Illinois Supreme Court Rule 9(d) (eff. Feb. 4, 2022) provides flexibility to litigants and the courts to address problems with e-filing "upon good cause shown." See *Davis*, 2020 IL App (1st) 191011, ¶ 18. The broad language of Rule 9(d)(2) indicates that a court must consider the totality of the circumstances in assessing good cause. *Id.* ¶ 21.

¶ 15    Whether the circuit court properly denied a plaintiff's Rule 9(d)(2) motion is a matter that we review for an abuse of discretion. *Id.* ¶ 13 (citing *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 354 (2007) (abuse of discretion standard applies when reviewing whether good cause exists under Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) to grant additional time to remedy an

unintentional noncompliance with the procedural requirement of signing discovery responses)). An abuse of discretion exists where no reasonable person would take the position adopted by the circuit court, or where the circuit court acts arbitrarily, fails to employ conscientious judgment, and ignores recognized principles of law. See *In re Possession & Control of the Commissioner of Banks & Real Estate of Independent Trust Corp.*, 327 Ill. App. 3d 441, 476 (2001); see also *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 34 (a circuit court "abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable or when no reasonable person would adopt its view"). In determining whether there has been an abuse of discretion, we may not substitute our judgment for that of the circuit court, nor may we even determine whether the circuit court exercised its discretion wisely (*Simmons v. Garces*, 198 Ill. 2d 541, 568 (2002)) and whether this court might have decided the issue differently is irrelevant. *Doe v. Johnston*, 2022 IL App (1st) 220210, ¶ 15.

¶ 16 In *Davis*, the court found that the plaintiffs had shown good cause to backdate a complaint where their attorney e-filed the complaint on the last morning of the limitations period, and the submission was subsequently rejected for failure to input an attorney code into one subsection of the e-filing envelope. *Davis*, 2020 IL App (1st) 191011, ¶ 1. The attorney had properly input his ARDC number into one section of the e-filing software, had properly submitted his Cook County attorney code into another section, and then failed to enter that same Cook County attorney code into a third section of the e-filing envelope labeled " 'Case Cross Reference Number.' " *Id.* ¶ 5. In assessing good cause, the court considered a number of factors leading to its conclusion that the rejection was the result of "a minor, understandable error that cannot be attributed entirely to the attorney who submitted a properly formatted and complete complaint and a near-perfect e-filing envelope." *Id.* ¶ 31.

¶ 17    First, the attorney's error in *Davis* occurred less than two weeks into the transition from paper filing to e-filing in Cook County. *Id.* ¶ 21. The court also noted that the original submission was nearly identical to the accepted submission, save for the input of the attorney code. *Id.* ¶ 22. *Davis* considered that counsel's error was a "minor" failure of "form rather than substance" in that the attorney omitted a second duplicative entry of the attorney code into the e-filing envelope. *Id.* ¶ 23. The court found that the e-filing envelope was, "for the most part, correct and complete." *Id.* ¶ 27. *Davis* attributed counsel's error to an "imperfection in the e-filing system" in that the e-filing system's requirement of inputting "the same number twice on the same form" in a field labeled " 'Case Cross Reference Number' " was neither "obvious nor intuitive" and "confusing at best and misleading at worst." *Id.* ¶ 28. Finally, *Davis* looked at the time of plaintiff's submission. The fact that counsel attempted to submit the rejected filing mid-morning, rather than late at night in the final hours of the limitations period, weighed slightly in favor of finding good cause: "this was not a midnight filing." *Id.* ¶ 32.

¶ 18    But two years later, in *O'Gara*, the court affirmed a trial court's rejection of relief under Rule 9(d)(2). In that case, the plaintiff's counsel attempted to file a motion to reconsider at 11:52 p.m. on the last day of the window to file a postjudgment motion but ultimately failed to file the document before midnight. *O'Gara*, 2022 IL App (1st) 210013, ¶ 36. Thus, the motion was not filed until the next day, after the time to file a postjudgment motion had expired. *Id.* The plaintiff sought relief under Rule 9(d)(2), alleging that he was unfamiliar with the e-filing system and the failure to timely file the motion was "an honest mistake." *Id.* Before assessing whether there was good cause, the court considered the function of *nunc pro tunc* motions: to remedy clerical errors. *Id.* ¶ 38. The court then noted that, in the case before it, there was no clerical error but, rather, the submission was rejected due to "an entirely avoidable attorney error." *Id.*

¶ 19 *O'Gara* distinguished *Davis* in that the e-filing system had been "functional for years" before the plaintiff's counsel attempted to use it in November 2020. *Id.* ¶ 41. *O'Gara* also saw the error leading to the rejection there differently than the error in *Davis*. Rather than the omission of a number on the filing as in *Davis*, the mistake in *O'Gara* was that counsel failed to select the correct filing and pay the filing fee. *Id.* And counsel's attempt to file "in the nick of time" (*id.*) was viewed negatively: "Last-minute filings are insufficient to establish good cause under Rule 9(d)(2). This factor does not weigh in favor of a good cause showing." *Id.* (discussing *Davis* and *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368 (midnight motion to reconsider e-filed four minutes after deadline resulted in a lapse of circuit court jurisdiction and *nunc pro tunc* relief was not available because the error was not clerical)).

¶ 20 In *Leff*, this court overturned a circuit court's ruling allowing relief under Rule 9(d)(2). *Leff*, 2022 IL App (2d) 220089-U. In that case, counsel for the respondent in a citation proceeding filed—four days after the deadline—a motion to reconsider judgment entered against it. *Id.* ¶ 7. Counsel for the respondent established that he had initiated the e-filing process three days before the deadline. *Id.* ¶ 8. But the e-filing was rejected by the clerk's office for a series of reasons, including that counsel had failed to file an appearance, failed to include the filing fee, and submitted multiple filings as one transaction, when the system allowed only one document per filing. *Id.* ¶¶ 8-10. The circuit court found that the respondent had shown good cause under Rule 9(d)(2) and allowed the motion to reconsider and vacated the judgment. *Id.* ¶¶ 11-12. The plaintiff appealed that ruling. We reversed, rejecting the argument that the motion to reconsider was timely because it was submitted before the deadline, and noting that the mere submission of a motion for filing does not render it filed: "It is well established that a submission must first be accepted by the clerk to be considered filed." *Id.* ¶ 25.

¶ 21    We then considered whether the respondent had shown good cause to excuse the late filing. Distinguishing *Davis*, we held that the e-filing system was "not in its infancy" and "counsel should have been familiar with the e-filing requirements." *Id.* ¶ 30. We also found that the errors of counsel were not "minor" as in *Davis*, where the court considered "the mere failure to insert an attorney code in one section of an e-filing when that same code had been provided in another section." *Id.* ¶ 31. We took issue with the *Davis* court's consideration of the fact that the noncompliance did not affect the substance of the document filed, because then "any submission requirements that do not impact the document's substance would excuse a failure to comply with those requirements." *Id.* ¶ 32. We concluded that there was not good cause shown to excuse the untimely motion, leaving the circuit court without jurisdiction to reconsider its judgment. *Id.* ¶ 33.

¶ 22    Considering the facts established in the record in this matter, we note that, as in *O'Gara*, the e-filing system has been functional for years. An appellate court may take judicial notice of readily verifiable facts if doing so will aid in the efficient disposition of a case. *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37. Here, we take judicial notice of the fact that Lake County has required e-filing for all civil filings since January 1, 2018, pursuant to the statewide e-filing initiative. 19th Judicial Cir. Ct. R. 1-2.02(A) (Dec. 21, 2017); see Ill. S. Ct., M.R. 18368 (eff. Jan. 22, 2016). Thus, at the time of filing, e-filing for Lake County had been required for well over four years.

¶ 23    And—as far as we can tell from the scant record before us—the nature of the error is unlike that in *Davis*. Instead of showing an "understandable error" not entirely attributable to an attorney dealing with a new system that was "confusing at best and misleading at worst" (*Davis*, 2020 IL App (1st) 191011, ¶¶ 28, 31), the record does not establish any mitigating reason for the inability to enter the proper attorney registration number. This was "an entirely avoidable attorney error "

(see *O'Gara*, 2022 IL App (1st) 210013, ¶ 38) and, unlike in *Davis*, not an error we can attribute to an "imperfection in the e-filing system." *Davis*, 2020 IL App (1st) 191011, ¶ 28.

¶ 24 As for the timing of the attempt to file, like *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2022 IL App (2d) 210179, ¶ 18, this case exposes "the perils of waiting until the [last] day to file a [complaint]," and thus, the late filing does not weigh in favor of the late filer. There is no mailbox rule applicable here (see *Kelly v. Mazzie*, 207 Ill. App. 3d 251, 253 (1990) (finding no "mailbox rule" for filing complaints in the circuit court)), and Rule 9(d) makes clear that a document is not filed until it has the clerk's approval. Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022) (the filed document shall be endorsed with the clerk's electronic file mark setting forth, at a minimum, the identification of the court, the clerk, the date, and the time of filing); see *Leff*, 2022 IL App (2d) 220089-U, ¶ 25. Plaintiff's exhibit A demonstrates this very proposition, as the automated response for filing submissions states that the user will be notified "within 24-48 hours whether [the] filing has been accepted or rejected." Based on these facts, we can hardly conclude that the circuit court's ruling was arbitrary, fanciful, or unreasonable or that no reasonable person would adopt its view. *Hachem*, 2015 IL App (1st) 143188, ¶ 34.

¶ 25 In sum, plaintiff failed to timely file her complaint, and, in requesting relief under Rule 9(d)(2), she provided little, if any, substantive evidence to the circuit court that would demonstrate good cause. Accordingly, we do not believe that the circuit court abused its discretion in finding that plaintiff was unable to demonstrate good cause.

¶ 26                                III. CONCLUSION

¶ 27 We affirm the judgment of the circuit court of Lake County.

¶ 28 Affirmed.

*Kilpatrick v. Baxter Healthcare Corp.*, **2023 IL App (2d) 230088**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 22-LA-453; the Hon. Charles W. Smith, Judge, presiding. |
| **Attorneys for Appellant:** | Alan H. Bender, of Goldstein, Bender & Romanoff, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Stephanie F. Jones and Jonathan L. Federman, of Gordon Rees Scully Mansukhani LLP, of Chicago, for appellee. |