2025 IL App (2d) 240300-U
No. 2-24-0300
Order filed March 19, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| VICTOR MATIOS, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-LA-228 |
| | ) | |
| ADAMS STEEL SERVICE | ) | |
| & SUPPLY, INC., | ) | Honorable |
| | ) | Joel D. Berg, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff's complaint was properly dismissed as untimely; the complaint was submitted on the final day of the limitations period but was rejected by the clerk the next day because plaintiff had requested a jury trial but omitted the jury fee; in responding to the motion to dismiss, plaintiff did not claim good cause for the late filing and, indeed, the record shows none because the e-filing system had been in place for many years, plaintiff waited until the final day to file the complaint, and the omitted fee was an entirely avoidable mistake.

¶ 2    Plaintiff, Victor Matios, appeals from an order of the circuit court of McHenry County granting the motion of defendant, Adams Steel Service & Supply, Inc., to dismiss plaintiff's personal injury complaint as untimely under section 2-619(a)(5) of the Code of Civil Procedure

(Code) (735 ILCS 5/2-619(a)(5) (West 2022)).  On appeal, plaintiff argues that the dismissal was erroneous because, "but for the rejection by the clerk for a minor clerical error," the complaint was timely filed.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff's complaint alleged that he was injured on defendant's premises on August 23, 2021.  The complaint was file-stamped in McHenry County on August 24, 2023.  Plaintiff filed a demand for a jury trial along with the complaint.

¶ 5      On February 13, 2024, defendant moved to dismiss the complaint under section 2-619(a)(5) of the Code (*id.*), alleging that plaintiff failed to file the complaint by August 23, 2023, the last day of the applicable two-year limitations period (see *id.* § 13-202).

¶ 6      On March 22, 2024, plaintiff filed a response to defendant's motion, contending that the complaint was timely filed.  Plaintiff alleged that he filed the complaint on August 23, 2023, via the Odyssey eFileIL (Odyssey) portal.  However, the next day, "the clerk of the [c]ourt requested additional fees."  Plaintiff alleged that "the matter was already assigned a number and it was accepted as soon as [the] additional fees were paid."  Thus, according to plaintiff, his complaint was timely because he "commenced these proceedings" on August 23, 2023.

¶ 7      In support, plaintiff attached the Odyssey "Envelope #24088793," which indicated that the complaint was "[s]ubmitted" on August 23, 2023, at 5:35 p.m.  It also listed the "Filing Status" as "Rejected."  Plaintiff also attached an e-mail that he received from the circuit court clerk, which indicated that the " '[f]iling' " had been " '[r]eturned.' "  A "Filing Rejected" notice, included with the e-mail, stated that the reason for the return was "Missing Filing Fee."  It further stated: "There is a fee to file a Jury Demand.  Please select the correct item in the Optional Services section and

resubmit for filing." It referenced a "Case Number: 24088793"—identical to the "Envelope Number."

¶ 8 On April 1, 2024, defendant filed its reply. Defendant argued that plaintiff never sought relief under Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 4, 2022) for the untimely filing. Rule 9(d)(2) provides: "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." *Id.* Defendant argued further that, in any event, plaintiff's response did not establish good cause as to why the untimely filing should be accepted. According to defendant, plaintiff's "misunderstanding of a well-established electronic filing system and last-minute choice to file does not constitute good cause." As for plaintiff's assertion that the matter was "assigned a *** number" when his initial filing was rejected, defendant denied "that the matter was given a case number when the failed filing was completed." Defendant noted that the final case number, 23-LA-228, was not referenced anywhere on the exhibits plaintiff attached. According to defendant, the case number was not assigned "until [the matter] was filed late on August 24, 2023."

¶ 9 On April 10, 2024, the trial court, having been "fully advise[d] in the premises," entered an order granting defendant's motion to dismiss. The record does not contain a report of this proceeding. The order states only that (1) "[d]efendant's motion to dismiss is granted" and (2) "[t]his matter shall be dismissed with prejudice."

¶ 10 Plaintiff timely appealed.

¶ 11                                II. ANALYSIS

¶ 12 Plaintiff argues that the dismissal of his complaint was erroneous because, "but for the rejection by the clerk for a minor clerical error," the complaint was timely filed on August 23, 2023. In response, defendant argues that the complaint must be deemed filed on August 24, 2023,

and, therefore, it was properly dismissed as untimely under section 2-619(a)(5) of the Code. Defendant argues further that plaintiff failed to seek appropriate relief under Rule 9(d) after the untimely filing and that, even if he had, relief was not warranted. We agree with defendant.

¶ 13    "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." (Internal quotation marks omitted.) *Strauss v. City of Chicago*, 2022 IL 127149, ¶ 54. Section 2-619(a)(5) of the Code provides for the involuntary dismissal of an action when it "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2022). Personal injury actions, like the one here, must be filed within two years after the cause of action has accrued. *Id.* § 13-202.

¶ 14    "When deciding a motion based on section 2-619 of the Code, a court accepts all well-pleaded facts in the complaint as true and will grant the motion when it appears that no set of facts can be proved that would allow the plaintiff to recover." *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 11. Pleadings and supporting documents should be construed "in the light most favorable to the nonmoving party." *Dawkins v. Fitness International, LLC*, 2022 IL 127561, ¶ 24. An order granting a section 2-619 motion to dismiss is subject to *de novo* review. *Lawler*, 2017 IL 120745, ¶ 11.

¶ 15    The parties do not dispute that the complaint here, which alleged that plaintiff was injured on August 23, 2021, was required to be filed no later than August 23, 2023. Instead, the dispute is over the actual filing date. Even though the complaint bears an August 24, 2023, filing stamp, plaintiff contends that, under Rule 9(d), the actual filing date is August 23, 2023, because he submitted the complaint that day. Therefore, according to plaintiff, the complaint was timely filed. Plaintiff is incorrect.

¶ 16    Rule 9, which became effective for proceedings in the circuit court on January 1, 2018, requires that, unless an exemption applies, all documents in civil cases shall be filed electronically with the clerk of the court.  Ill. S. Ct. R. 9(a), (f) (eff. Feb. 4, 2022).  Rule 9(d) addresses the timely filing of electronic documents as follows:

"(d) Timely Filing.  Unless a statute, rule, or court order requires that a document be filed by a certain time of day, a document is considered timely if submitted before midnight (in the court's time zone) on or before the date on which the document is due.  A document submitted on a day when the clerk's office is not open for business will, unless rejected, be file stamped as filed on the next day the clerk's office is open for business.  The filed document shall be endorsed with the clerk's electronic file mark setting forth, at a minimum, the identification of the court, the clerk, the date, and the time of filing.

(1) If a document is untimely due to any court-approved electronic filing system technical failure, the filing party may seek appropriate relief from the court, upon good cause shown.

(2) If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown."  Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022).

¶ 17    Plaintiff argues that his complaint was timely filed on August 23, 2023, because it was *submitted* on August 23, 2023.  However, " '[i]t is well established that a submission must first be accepted by the clerk to be considered filed.' "  *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶ 20 (quoting *Leff, Klein & Kalfen, Ltd. v. Wiczer & Associates, LLC*, 2022 IL App (2d) 220089-U, ¶ 25).  "Rule 9(d) makes clear that a document is not filed until it has the clerk's approval."  *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 24; Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022)

("The filed document shall be endorsed with the clerk's electronic file mark setting forth, at a minimum, the identification of the court, the clerk, the date, and the time of filing."). Here, the clerk did not accept the complaint until August 24, 2023. Thus, there is no question that the complaint was untimely filed.

¶ 18 Nevertheless, Rule 9 allows litigants and the courts the flexibility to address problems with e-filing. See *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 14. Rule 9(d)(2) provides relief for certain untimely filings, stating: "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." Ill. S. Ct. R. 9(d)(2) (eff. Feb. 4, 2022). Here, however, plaintiff did not seek any such relief based on good cause. Instead, in his response to defendant's motion to dismiss, he maintained only that his complaint was timely filed because it was *submitted* on August 23, 2023. Indeed, the trial court's order granted defendant's motion to dismiss without any reference to Rule 9(d) or "good cause."

¶ 19 Even if plaintiff argued *at the hearing* on defendant's motion to dismiss that good cause existed under Rule 9(d)(2) to excuse his untimely filing, we would affirm. A trial court's ruling on whether a party established good cause under Rule 9(d)(2) is reviewed for an abuse of discretion. *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 15. "An abuse of discretion exists where no reasonable person would take the position adopted by the circuit court, or where the circuit court acts arbitrarily, fails to employ conscientious judgment, and ignores recognized principles of law." *Id.*

¶ 20 As noted above, plaintiff has failed to provide us with a transcript of the proceedings on defendant's motion to dismiss, or an acceptable substitute such as a bystander's report or an agreed statement of facts as permitted by Illinois Supreme Court Rule 323(c), (d) (eff. July 1, 2017).

"[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

"Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. Here, without a report of the proceedings, we cannot overturn for an abuse of discretion any ruling as to whether plaintiff established good cause because we do not have the basis of the ruling. See *id.* at 391-92.

¶ 21 *Foutch* principles aside, plaintiff's response to defendant's motion to dismiss does not establish good cause as required by Rule 9(d)(2). We find *Kilpatrick* instructive. There, the plaintiff filed a complaint via the Odyssey portal at 1:06 p.m. on the last day of the two-year limitations period. *Kilpatrick*, 2023 IL App (2d) 230088, ¶¶ 3-4. The submission was rejected the next day because the plaintiff's counsel had erroneously entered his law firm's attorney number rather than his attorney registration number as required. *Id.* ¶ 4. Counsel corrected the submission and resubmitted the complaint, at which time the complaint was accepted and filed. *Id.* In response to the defendant's motion to dismiss the complaint under section 2-619(a)(5) of the Code as untimely, the plaintiff argued that there was good cause under Rule 9(d)(2) to excuse the untimely filing because the plaintiff had attempted to file within the limitations period and the rejection was due to a " 'minute' " error. *Id.* ¶ 5. The trial court granted the motion to dismiss, and the plaintiff appealed. *Id.* ¶ 7.

¶ 22 We affirmed, finding that the plaintiff "provided little, if any, substantive evidence *** that would demonstrate good cause." *Id.* ¶¶ 25, 27. We noted that the e-filing system "ha[d] been

functional for years" and, thus, counsel should have been familiar with it. *Id.* ¶ 22. We also noted that the record contained no mitigating reason for counsel's inability to enter the proper attorney registration number. *Id.* ¶ 23. We found that the error was completely avoidable and could not be attributed to any issues with the e-filing system. *Id.* We also noted counsel's decision to wait until the last day to file the complaint weighed against the plaintiff. *Id.* ¶ 24. We stated: "There is no mailbox rule applicable here [citation], and Rule 9(d) makes clear that a document is not filed until it has the clerk's approval." *Id.* Thus, we concluded that plaintiff failed to timely file her complaint and also failed to demonstrate good cause for relief under Rule 9(d)(2). *Id.* ¶ 25.

¶ 23 So too here. Plaintiff filed his complaint on the last possible day of the limitations period—5:35 p.m. on August 23, 2023. The record contains no showing of good cause as to why plaintiff waited that long. Further, the complaint's rejection resulted from plaintiff's failure to select and pay the proper fee for a jury trial. As we noted in *Kilpatrick*, the e-filing system is not new. Plaintiff cannot claim good cause due to any misunderstanding of a filing system that has existed for many years. Indeed, he has made no effort to explain the error.

¶ 24 Plaintiff's reliance on *Davis v. Village of Maywood*, 2020 IL App (1st) 191011, does not warrant a different conclusion, as it is readily distinguishable. There, the plaintiff filed its complaint via the Odyssey portal within the first two weeks of Cook County's mandated transition from paper to electronic court files. *Id.* ¶ 1. The system's e-filing envelope required attorneys not only to enter their registration number issued by the Attorney Registration and Disciplinary Commission, but also to *twice* enter their Cook County Attorney Code issued by the clerk of the circuit court. *Id.* ¶ 5. The plaintiff's counsel entered his registration number in the appropriate box and his Cook County Attorney Code in the " 'Lead Attorney' " field. *Id.* However, counsel neglected to again enter his Cook County Attorney Code in the field labeled " 'Case Cross

Reference Number.' " *Id.* Four days later, the court clerk reviewed and rejected the filing. *Id.*

¶ 6. That same afternoon, the complaint was resubmitted with appropriate information and filed. *Id.*

¶ 25    The appellate court, in considering whether the plaintiff had established good cause under Rule 9(d)(2) for the untimely filing, noted, in part, that the plaintiff's mistake "occurred during Cook County's first two weeks of switching from conventional paper filing to an electronic system." *Id.* ¶ 21. The court also noted that

> "it would neither be obvious nor intuitive that the data field labeled 'Case Cross Reference Number' was an additional place to key in counsel's Cook County Attorney Code. *** The name of the field is confusing at best and misleading at worst. The problem that counsel had can be attributed in part to that imperfection in the e-filing system." *Id.* ¶ 28.

¶ 26    Here, as noted, the e-filing system has been in place for many years. Moreover, unlike in *Davis*, nothing "confusing" or "misleading" was at issue here. Plaintiff filed a complaint and a demand for a jury trial but failed to note the jury demand in the system or pay the appropriate fee. Plaintiff's assertion that this was a "minor clerical" error essentially acknowledges that it was easily avoidable and unattributable to any flaw in the system.

¶ 27    Based on the foregoing, we hold that the trial court properly dismissed plaintiff's complaint as untimely.

¶ 28                                    III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 30    Affirmed.