2025 IL App (2d) 240429-U
No. 2-24-0429
Order filed April 15, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THOMAS McNULTY, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-LA-783 |
| | ) | |
| LAPP CHIROPRACTIC, P.C., and KATE | ) | |
| NESTINGEN, D.C., | ) | Honorable |
| | ) | Charles Smith, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Justices McLaren and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in granting defendants' motion to dismiss plaintiff's complaint as untimely.

¶ 2                                    I. INTRODUCTION

¶ 3    Plaintiff, Thomas McNulty, appeals an order of the circuit court of Lake County dismissing his complaint asserting medical negligence against defendants, Lapp Chiropractic, P.C., and Kate Nestingen, D.C. The trial court determined that plaintiff's complaint was untimely. For the reasons that follow, we affirm.

¶ 4                    II. BACKGROUND

¶ 5     On October 25, 2023, at 10:11 p.m., plaintiff submitted a complaint for electronic filing alleging that on October 27, 2021, he was injured when Nestingen performed a "highly controversial chiropractic technique" upon him. On the same day, plaintiff also filed the material required by section 2-622 of the Civil Practice Law (735 ILCS 5/2-622 (West 2020) (requiring the submission of certain supporting documents with a complaint asserting a healing arts malpractice claim)). The complaint was submitted more than 48 hours before the statute of limitations expired on October 27, 2023. Plaintiff's attorney received a confirmation email acknowledging receipt of the submission, which stated, "You will be notified by email in 24-48 hours if your filing has been accepted or rejected." However, plaintiff's counsel received no such email within that period.

¶ 6     Earlier, on October 19, 2023, Administrative Order 23-27 of the Nineteenth Judicial Circuit Court of Lake County (eff. October 19, 2023) was issued. This order stated that due to a technological upgrade, the court's e-filing system would be unavailable from October 26, 2023, at 5 p.m., to October 30, 2023, at 7 a.m. Pertinent here, it ordered "that the time for the filing of all other documents required to be filed on or before October 26, 2023, through October 30, 2023, is extended to the next business day of the Court, October 30, 2023." Thus, plaintiff actually had until October 30, 2023, to file his complaint.

¶ 7     On November 2, 2023, plaintiff's counsel first called the Lake County court clerk's office to "inquire regarding the delay in receiving a file-stamped copy of the Complaint." Counsel avers that he was told there was a backlog and filings were delayed, presumably due to the recent upgrade to the e-filing system.

¶ 8     On November 8, 2023, at 4:53 p.m., plaintiff's counsel received an email from the clerk's office stating that the filing had been rejected because the complaint contained neither counsel's

email address nor his ARDC registration number. At 5:35 p.m. that same day (42 minutes later), plaintiff's counsel resubmitted a corrected version of the complaint. With this filing, counsel also submitted the material required by section 2-622. Plaintiff's counsel again received an email confirming the submission and stating that he would be notified if it was accepted or rejected in 24 to 48 hours.

¶ 9    On November 22, 2023, the attorney's affidavit required by section 2-622 was rejected as it had been filed as an affidavit rather than an exhibit. The email called this a "format error." A second email received that day stated that the health professional's report required by section 2-622 was also rejected for a "format error," specifically, that it "was missing the required case names and/or number along with the court information." Plaintiff points out that this rejection occurred despite the fact that the report had been filed in the same envelope as the complaint and that no case number existed at the time since the complaint had not yet been accepted. Plaintiff's counsel did not immediately refile the section 2-622 material, as there was still no open case number at that point.

¶ 10    On November 27, 2023, plaintiff's counsel received an email stating that the complaint had been accepted by the clerk. Plaintiff's counsel then refiled the section 2-622 material with the case number provided. On December 5, 2023, plaintiff's counsel received an email stating that the attorney's affidavit and healthcare professional's report required by section 2-622 were rejected because exhibits "cannot be filed on their own as they must be attached to a document which refers to them." Plaintiff's counsel refiled these documents, and they were accepted on December 11, 2023.

¶ 11    On January 5, 2024, plaintiff's attorney filed a motion pursuant to Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 4, 2022) seeking to have his complaint deemed timely filed on October 25,

2023. Both defendants moved to dismiss the complaint as untimely based on the statute of limitations.

¶ 12    Additionally, plaintiff's counsel states that his father died on October 11, 2023, and was buried five days later. He further states that he "remained in mourning for several days thereafter." The trial court indicated that it accepted counsel's statement as [to] the date of his father's death and [that he was] buried just a couple days before the deadline."

¶ 13    The trial court granted defendants' motion. It began its ruling by stating, "This case caused me a lot of concern." It then stated that in the early days of electronic filing, "courts were being lenient" because "it was a new process." However, the trial court continued, "the electronic filing [system] has been with us now for five-and-a-half years and at some point, there has to be a deadline that means something." The trial court then noted the fact that the clerk's office failed to notify plaintiff's counsel whether the complaint had been accepted or not within 24 to 48 hours and said that this "weighs in plaintiff's favor." It then observed that plaintiff did not miss the deadline by a "couple of days"; rather, plaintiff's filing was not perfected until December 11, 2023. Pointing to *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶ 24, the trial court found that litigants who wait until near the end of the limitations period to initiate an action do so at their own peril. The trial court further noted the fact that the material required by section 2-622 of the Civil Practice Law was not filed until December 11, 2023. The trial court then, in light of the totality of the circumstances, including the passing of plaintiff's counsel's father, dismissed the complaint. This appeal followed.

¶ 14                            III. ANALYSIS

¶ 15    On appeal, plaintiff argues that the trial court erred in granting defendants' motion to dismiss on timeliness grounds. Section 13-212(a) of the Code of Civil Procedure (735 ILCS 5/13-

212(a) (West 2022)) states that no action against a physician "arising out of patient care shall be brought more than 2 years after the date on which the claimant knew" or should have known of the injury at issue. It is undisputed that the complaint in this case was accepted after the limitations period had expired. However, Supreme Court Rule 9(d)(2) allows that "[i]f a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." Ill. S. Ct. R. 9(d)(2) (eff. Sept. 21, 2024). "Good cause" is assessed in light of the totality of the circumstances. *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 14.

¶ 16    The parties agree that the abuse-of-discretion standard applies to this appeal. See *Davis v. Village of Maywood*, 2020 IL App (1st) 191011, ¶ 13. Abuse-of-discretion review is the most deferential standard of review in Illinois law. *People v. Radojcic*, 2013 IL 114197, ¶ 33. In determining whether there has been an abuse of discretion, we may not substitute our judgment for that of the circuit court, nor may we even determine whether the circuit court exercised its discretion wisely (*Simmons v. Garces*, 198 Ill. 2d 541, 568 (2002)) or whether this court might have decided the issue differently is irrelevant (*Doe v. Johnston*, 2022 IL App (1st) 220210, ¶ 15; *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶ 15). We will reverse only if no reasonable person could agree with the position adopted by the trial court. *Brax v. Kennedy*, 363 Ill. App. 3d 343, 355 (2005).

¶ 17    The parties and the trial court place considerable reliance on *Kilpatrick*, 2023 IL App (2d) 230088, so we will begin with a discussion of that case. There, the plaintiff filed her complaint at 1:06 p.m. on September 13, 2022, which was the last day within the limitations period. *Id.* ¶ 3. The filing was rejected, as it had been submitted with the incorrect ARDC number. The plaintiff's attorney corrected the complaint and resubmitted it on September 15, 2022, at which time it was accepted. The defendant sought to have the complaint dismissed on timeliness grounds. The

plaintiff moved in accordance with Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 4, 2022) to have the complaint deemed timely. She alleged good cause for the late filing in that she attempted to file it within the limitations period and that "the rejection was due to a 'minute' error tantamount to a scrivener's error." *Id.* ¶ 5. The trial court found that the plaintiff failed to demonstrate good cause for the late filing and dismissed the case. *Id.* ¶ 7.

¶ 18    On appeal, this court affirmed the trial court's exercise of its discretion. *Id.* ¶ 25. It noted that the e-filing system used in that case had been in place for "well over four years." It also observed that the error at issue was not an understandable one caused by an attorney who was dealing with a new system that could be characterized as "confusing at best and misleading at worst." *Id.* ¶ 23 (quoting *Davis*, 2020 IL App (1st) 191011, ¶¶ 28, 31). Rather, the *Kilpatrick* court stated that "the record does not establish any mitigating reason for the inability to enter the proper attorney registration number." *Id*. It added that "this was 'an entirely avoidable attorney error' (see *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 38) and *** not an error we can attribute to an 'imperfection in the e-filing system.' (*Davis*, 2020 IL App (1st) 191011, ¶ 28)." *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 23. We also noted that by waiting until the last day of the limitations period to file her complaint, the plaintiff exposed herself to the perils inherent in a late filing. *Id.* ¶ 24. We added, "[T]he late filing does not weigh in favor of the late filer." *Id*.

¶ 19    Turning to this case, it is apparent that a reasonable person could agree with the trial court's decision to dismiss plaintiff's complaint. Notably, the error that prevented the complaint from being filed following its first submission was counsel's failure to include his ARDC number and email address. Like the error in *Kilpatrick*, this was an entirely avoidable error on the part of plaintiff's counsel, which could not be attributed to some malfunction of the electronic filing system. Moreover, while counsel did not wait until the last day of the limitations period, he did

wait until less than 50 hours from the expiration of that period to submit the complaint for filing (We are cognizant that Administrative Order 23-27 gave plaintiff an extra day to file; however, we do not believe this significantly alters the analysis.). Had things gone as expected, plaintiff's complaint would have been timely filed. Had the clerk notified plaintiff that they had not gone as expected, plaintiff's counsel would have had at least a little time to correct any errors. Neither of these things happened. That plaintiff did not wait until the very last minute to file weighs in his favor to a degree. See *Davis*, 2020 IL App (1st) 191011, ¶ 32 ("Counsel took an unnecessary risk by waiting to file on the last day of the statute of limitations, but this was not a midnight filing. Had the same error occurred at 11:59 p.m. instead of 10:32 a.m., we would suspect that haste to submit the document by midnight played a part. * * * Counsel's midmorning attention to his task would not be reason alone to grant relief under Rule 9(d)(2), but it is a fact that in our opinion weighs, slightly, in favor of granting the motion."). Nevertheless, by waiting until the waning days of the two-year period during which plaintiff could have filed his complaint, plaintiff, like the plaintiff in *Kilpatrick*, 2023 IL App (2d) 230088 ¶ 24, exposed himself to the peril that the limitations period might expire if things did not proceed without incident.

¶ 20    We emphasize here that the reason plaintiff's complaint was not timely filed was a simple error that had nothing to do with the electronic filing system. Local Rule 1-1.12B of the Nineteenth Judicial Circuit (eff. October 24, 2016) provides, "All documents filed or served in any cause shall contain the attorney's name, address, e-mail address, telephone number and State of Illinois attorney registration number." Thus, it was counsel's failure to comply with this long-established local rule that caused plaintiff's complaint to be filed after the limitations period had expired. At best, counsel's failure can be attributed to simple inadvertence; however, "[i]nadvertence or mistake does not constitute good cause, even in the absence of prejudice to other parties."

*Silverstein v. Brander*, 317 Ill. App. 3d 1000, 1006 (2000) (citing *Greene v. City of Chicago*, 73 Ill. 2d 100, 107-08 (1978) (Affirming the trial court's denial of the defendant's motion to file a late jury demand "for good cause shown" pursuant to Illinois Supreme Court Rule 183 (58 Ill. 2d R. 183), the court held, "In this instance the allegation that the failure to file the demand was the result of inadvertence of an assistant corporation counsel does not furnish the basis for holding that the trial court abused its discretion.").

¶ 21     We acknowledge, as the trial court did, that the clerk's failure to notify plaintiff within 24 to 48 hours, as stated in the email that acknowledged receipt of the complaint, of whether it was accepted weighs in plaintiff's favor here. However, we note that plaintiff cites nothing to establish the existence of any right to have the clerk review a submission followed by a right to cure any defects discovered by the clerk. Indeed, the authority we have located is not favorable to plaintiff. Rule 9(e), a subsection titled "Filer Responsible for Electronic Submissions," places the onus on the party filing a document to ensure its accuracy and further states that "[t]he court and the clerk of court are not required to ensure the accuracy of such data and content." Ill. S. Ct. R. 9(e) (eff. Feb. 4, 2022). Moreover, though it was not yet effective at the time plaintiff submitted the complaint in this case, we note that the Supreme Court has amended Rule 9 to state, "Documents filed electronically may be rejected by the clerk as authorized by the Electronic Filing Rejection Standards for circuit courts and courts of review, as published on the illinoiscourts.gov website." Ill. S. Ct. R. 9(f) (eff. Sept. 21, 2024). The referenced document includes "[m]issing contact information for attorney" as a reason for rejecting a submission. Illinois Courts (.gov), *Electronic Filing Rejection Standards for Circuit Courts*, https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/4414505-ae47-43f5-ad2c-542ef24d39fc/Circuit_Court_eFiling_Rejection_Standards.pdf (last visited January 21,

2025). Although this amendment was not yet effective, our holding here is consistent with the direction our supreme court has taken Rule 9.

¶ 22　　Hence, we cannot say that no reasonable person could agree with the trial court that plaintiff failed to establish good cause. Regardless of whether this court might have decided the issue differently in the first instance (see *People v. Allen,* 2024 IL App (1st) 221681, ¶ 68), we cannot say that, under these circumstances, the trial court's decision was an abuse of discretion. Seeking to avoid this result, plaintiff asserts that the errors in the complaint were minor and would have been corrected by the clerk at the time of filing if the electronic system were not in place. The *Davis* court found that a similar error "was a failure of form rather than substance, and it seems likely the failure would have been corrected at the clerk's counter had counsel been able to file in person instead of through the new, mandatory e-filing system." *Davis*, 2021 IL App (1st) 191011, ¶ 23. First, we point out that in *Davis*, the attorney's error occurred less than two weeks into the transition from paper filing to e-filing in Cook County. Second, plaintiff cites nothing that would establish an entitlement to review by the clerk and an opportunity to correct errors. As noted above, Rule 9(e) places the responsibility for ensuring a submission is proper with the filer. Ill. S. Ct. R. 9(e) (eff. Feb. 4, 2022).

¶ 23　　In sum, we cannot say the fact that the clerk's rejection of plaintiff's complaint did not occur within 24 to 48 hours as stated in the email acknowledging receipt of plaintiff's submission is entitled to such weight that no reasonable person could agree with the trial court that plaintiff failure to comply with a long-standing local rule regarding the filing of documents precluded a finding of good cause. Accordingly, the trial court did not abuse its discretion in dismissing plaintiff's complaint.

¶ 24　　　　　　　　　　　　　　　IV. CONCLUSION

¶ 25   In light of the foregoing, the judgment of the circuit court of Lake County is affirmed.

¶ 26   Affirmed.