2025 IL App (1st) 250166-U

No. 1-25-0166

Order filed October 10, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JOAN DANIEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 L 50230 |
| | ) | |
| ILLINOIS CIVIL SERVICE COMMISSION and | ) | |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) | Honorable |
| | ) | Eve M. Reilly, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order dismissing plaintiff's untimely complaint for administrative review is affirmed.

¶ 2    Plaintiff Joan Daniel appeals from an order of the circuit court of Cook County dismissing as untimely her complaint for administrative review of a decision by the Illinois Civil Service Commission (Commission), which affirmed and adopted the proposed decision of an administrative law judge (ALJ) that Daniel did not show a violation of the personnel rules of the

Illinois Department of Human Services (Department). On appeal, Daniel contends the circuit court disregarded Supreme Court Rule 9(c)(5)(iii) (eff. Feb. 1, 2024),[1] which provided that documents may be exempt from e-filing upon a showing of good cause where a self-represented litigant tries to e-file documents but is unable to complete the process and the necessary equipment and technical support for e-filing assistance is not available to the self-represented litigant. We affirm.

¶ 3                                    I. Background

¶ 4       We set forth only the facts necessary to understand the issue on appeal.

¶ 5       On August 23, 2023, Daniel filed a rule violation complaint against the Department alleging that documents related to her "physician's and family medical leave certification documentation" were stolen and altered by her employer, the Department.

¶ 6       On March 1, 2024, an ALJ found that Daniel did not show that a violation of the Department personnel rules occurred. On March 15, 2024, the Commission affirmed and adopted the ALJ's proposed decision and mailed and emailed its decision to Daniel the same day. The Commission's decision contained a notice that final decisions may only be reviewed under the Administrative Review Law, 735 ILCS 5/3-101, *et seq*., and a request for administrative review must be filed with the circuit court within 35 days of the date the decision was served. See 735 ILCS 5/3-103, 104 (West 2024).

¶ 7       It is undisputed that Daniel's complaint for administrative review was due on Friday, April 19, 2024. On Monday, April 22, 2024, Daniel filed it in person in the clerk's office. On April 22, 2024, Daniel also filed a certification for exemption from e-filing checking a box stating, "I tried

---

[1] Supreme Court Rule 9 has since been amended, and the relevant language from 9(c) is now in 9(d). See Ill. S. Ct. R. 9(d) (eff. Aug. 11, 2025).

to e-file my documents, but was unable to complete the process because the equipment or assistance I need is not available." See Ill. S. Ct. R. 9(c)(5)(iii) (eff. Feb. 1, 2024).

¶ 8    On July 5, 2024, the Commission filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the complaint for administrative review was untimely. Daniel filed a response on July 30, 2024, arguing that "[t]imely filing was waived for [her], as [she] showed good cause for late filing." On December 30, 2024, the circuit court granted the motion to dismiss. Daniel appeals.

¶ 9                    II. Standard of Review

¶ 10    "We review a circuit court's grant of a motion to dismiss based on a lack of subject matter jurisdiction *de novo*." *Green v. State*, 2023 IL App (1st) 220245, ¶ 17. We review whether the circuit court properly denied Daniel relief under Supreme Court Rule 9 for an abuse of discretion. *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶ 15.

¶ 11                    III. Analysis

¶ 12    Daniel does not dispute she filed her complaint for administrative review three days late. Instead, she argues the circuit court erred by disregarding Supreme Court Rule 9(c)(5) (eff. Feb. 1, 2024), which, according to Daniel, "allows for an exemption from e-filing for good cause." When Daniel filed her complaint for administrative review in person on April 22, 2024, she also filed a certification for exemption from e-filing due to an alleged unsuccessful attempt to file the complaint on April 19, 2024, using the e-filing system. In her view, this constitutes "good cause" to excuse e-filing, and the court should have considered her in-person filing timely.

¶ 13    Review of an administrative decision is governed by the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2024)). As the Administrative Review Law departs from common law,

strict compliance is required to invoke it. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 179 (2007). Parties to a proceeding before an administrative agency are barred from obtaining judicial review of the agency's decision unless review is sought "within the time and in the manner" provided by the statute. 735 ILCS 5/3-102 (West 2024). If the statutory procedures are not strictly followed, the circuit court lacks jurisdiction. *Rodriguez v. Sheriff's Merit Commission of Kane County*, 218 Ill. 2d 342, 350 (2006).

¶ 14    Looking strictly at the dates, it is clear Daniel missed the statutory 35-day period for filing her complaint for administrative review. Thus, the circuit court lacked jurisdiction and properly dismissed her complaint. See *Rodriguez*, 218 Ill. 2d at 350-51; *Nudell v. Forest Preserve District of Cook County,* 207 Ill. 2d 409, 422 (2003).

¶ 15    Citing the former Supreme Court Rule 9(c)(5), Daniel asserts an excuse, arguing she has shown good cause for not filing in time as an error occurred while e-filing. The circuit court disagreed, finding she "fail[ed] to state what that technical issue was."

¶ 16    Even on appeal, Daniel fails to explain the problem and provides no authenticated documentation showing a technical glitch or rejection of her court filing. At most, the record contains a page that says a draft of an unnamed document was started at 11:52 PM on April 19, 2024 – eight minutes before filing deadline. A different draft was started at 12:33 AM on April 20, 2024. There is no indication of what these drafts are. There is no case name or number, nothing titled "complaint," nor any reference to the circuit court of Cook County. The record also contains a general information page that explains what an error message means on the File and Serve system, but there is no evidence that Daniel received an error message on April 19, 2024, when she claims to have attempted to file her complaint, or that her purported filing was rejected by the

clerk on that date. Thus, there is nothing to substantiate her argument that the court should have excused her late filing and exercised jurisdiction over her complaint.

¶ 17                                        IV. Conclusion

¶ 18    In sum, Daniel failed to timely file her complaint for administrative review. In responding to the Commission's motion to dismiss, she provided no substantive evidence to the circuit court that would demonstrate good cause to excuse the late filing under Supreme Court Rule 9. Accordingly, we affirm the circuit court's dismissal for lack of subject matter jurisdiction.

¶ 19    Affirmed.